BENJAMIN W. THAYER *vs.* NEW ENGLAND LITHOGRAPHIC STEAM PRINTING COMPANY & others.

The order of proceedings directed by the St. of 1862, *c.* 218, §§ 3, 4, is to be followed, whenever it is sought to charge the officers of a manufacturing corporation with personal liability for its debts, either under § 1 or otherwise.

The provision of the St. of 1870, *c.* 224, § 69, that the repeal of the statutes enumerated therein should not impair any right already acquired or liability incurred under existing laws, saved the right of a creditor of a manufacturing corporation to hold its officers personally liable under the St. of 1863, *c.* 246, § 2, for a debt contracted by it during their neglect to make the certificate of its condition required by the St. of 1862, *c.* 210, although at the time of the repeal he had not recovered the judgment against the corpo-

ration on the debt, which was a necessary preliminary to filing a bill in equity under the St. of 1862, *c.* 218, to enforce their liability.

Acting officers of a manufacturing corporation cannot avail themselves of irregularities or informalities of the meeting at which they were chosen, to avoid personal liability for debts of the corporation.

If the officers of a manufacturing corporation, after neglecting, during the year succeeding an annual meeting, to make the certificate of its condition at that time, which was required by the St. of 1862, *c.* 210, to be filed within thirty days afterwards, continue to act for more than thirty days after the next annual meeting, without making any certificate of its condition at either time, they are personally liable under the St. of 1863, *c.* 246, § 2, for debts of the corporation contracted during these thirty days.

In proceedings under the St. of 1862, *c.* 218, to enforce personal liability of officers of a manufacturing corporation, the judgment recovered against the corporation is conclusive of the existence of the debt for which it was rendered.

BILL IN EQUITY filed October 13, 1870, to charge Frederick Nickerson, Frederick W. Nickerson, Milo J. Burke, and ten other individual defendants, as officers of the defendant corporation, (which was a manufacturing corporation, organized in 1866 under the Gen. Sts. *c.* 61, established at Boston, and having its annual meeting in January,) with personal liability for debts contracted by the corporation to the plaintiff in the year 1869, for which he recovered judgment against it in the superior court on June 15, 1870, execution whereon was returned unsatisfied before the filing of the bill and after the corporation had neglected for more than thirty days after demand to pay the amount due or exhibit property to be taken in satisfaction of it. The alleged cause of liability was the neglect of the individual defendants to make and deposit with the city clerk of Boston, after the annual meetings in the years 1868 and 1869, the certificates of the condition of the corporation, which were required by the St. of 1862, *c.* 210, to be filed within thirty days after the date of each annual meeting, whereby they became jointly and severally liable, under the St. of 1863, *c.* 246, § 2, for all debts of the corporation contracted during the continuance of the neglect ; the alleged debts were upon the corporation's indorsements to the plaintiff, after February 7 and before March 2, 1869, of three promissory notes made by Bufford Brothers, two of them dated February 8, and one February 27, 1869, and each payable four months after date ; and the bill was expressed to be framed upon the St. of 1862 *c.* 218, in behalf of the plaintiff and all other creditors of the corporation.

Among the defences set up in answers of the individual defendants were allegations that the remedy provided by the St. of 1862, c. 218, was not applicable to a liability incurred under the St. of 1863, c. 246; that the bill could not be maintained, by reason of the repeal of the Sts. of 1862, c. 218, and 1863, c. 246, by the St. of 1870, c. 224, § 69; that the plaintiff was not entitled to relief, upon his allegations; and that the notes were indorsed without consideration, and for the accommodation of their makers and the plaintiff.

At the hearing, before *Wells*, J., it appeared that the corporation was organized and established at Boston as alleged in the bill; that its by-laws fixed the third Monday of January in each year as the date of the annual meeting "for the election of the officers required by law and the transaction of such other business as may properly come before the stockholders;" that at a special meeting held on February 17, 1868, "in lieu of the annual meeting, which was passed," Frederick W. Nickerson was elected treasurer of the corporation, Milo J. Burke clerk, and Frederick Nickerson and the other individual defendants directors; that the two Nickersons and Burke, and all but three of the other individual defendants, accepted the offices to which they were chosen, and from the date of their said election acted therein, and no one else ever attempted or assumed to act therein; that no subsequent election of officers was ever had; that at a meeting of the stockholders on March 2, 1869, it was voted to wind up the affairs of the corporation and take measures to dissolve it; and that "since February 17, 1868, the certificates required by the St. of 1862, c. 210, have never been filed in the office of the city clerk by the defendant corporation and its officers."

The plaintiff put in evidence the record of his judgment against the corporation, and of the proceedings upon the execution, all of which appeared as alleged in the bill; and testified that the promissory notes were indorsed to him at about the times of their respective dates, and were never paid. The defendants offered evidence to prove "that the notes were accommodation notes; that the treasurer had no authority to indorse them; and that these facts were known to the plaintiff when he took them."

The judge, on the plaintiff's objection, excluded this evidence dismissed the bill as to the three defendants who were not proved to have ever acted as officers of the corporation ; and reported the case, " for the purpose of presenting to the full court all the questions of law raised therein," such final or other decree to be made as upon their decision should be deemed proper.

*L. S. Dabney*, for the plaintiff.

*C. T. Russell & J. J. Storrow*, for some of the defendants.

WELLS, J. This suit is brought under the provisions of the St. of 1862, c. 218, § 4, to enforce, against the officers of a manufacturing corporation organized under the general laws, a supposed liability for the debts of the corporation, imposed by the St. of 1863, c. 246, § 2.

The objection, in the outset, is, that the remedy provided by the St. of 1862, c. 218, can be resorted to only for the purpose of enforcing a liability imposed or recognized by that statute ; and that, for the liability relied on in this case, the only remedy is to be had under the Gen. Sts. c. 68, § 17.

But the remedy given by the St. of 1862, c. 218, § 4, is not in terms so restricted. If restricted in effect, it is by force only of the same provision which defines and limits the grounds of liability. The first section declares that " officers of manufacturing corporations shall be jointly and severally liable for its debts or contracts in the following cases, not otherwise." The St. of 1863, c. 246, § 2, enlarged the grounds of liability, by adding the case for which this suit is brought. It made no provision in regard to the remedy. We think the remedy provided by the St. of 1862 might properly be resorted to in cases of manufacturing corporations, notwithstanding the fact that § 2 of the St. of 1863, was equally applicable to other corporations, in respect of which that remedy would not apply ; and notwithstanding the existence of another remedy, applicable to all corporations alike, as provided in the Gen. Sts. c. 68, § 17, if that remedy still remains applicable to manufacturing corporations.

But this result is made necessary and conclusive by the provisions of § 3 of the St. of 1862, c. 218, to wit : " No stockholder or officer of such corporation shall be held liable for its debts or con.

tracts, unless a judgment is recovered against it and the corpora-
tion shall neglect for the space of thirty days, after demand made
on execution, to pay the amount due," &c. This provision re-
mains unchanged. It precludes any proceedings against stock-
holders or officers, whether upon the grounds defined by the St.
of 1862 or otherwise, unless a judgment shall have been recov-
ered in a suit against the corporation, and there shall have been
neglect of payment for the space of thirty days after demand
made on the execution. Section 4 provides the remedy which is
then open to creditors against officers or stockholders who may
be liable. This remedy is not expressly declared to be in place
of that allowed by the Gen. Sts. c. 68, § 17, nor to be in addi-
tion thereto. But as it is full and complete, so far as manufac-
turing corporations are concerned, its association with the preced-
ing section indicates that successive steps, thus defined by the two
sections, were intended to constitute one entire mode of remedy,
which is exclusive of all others. We are satisfied that it is so
to be regarded, and that the order of proceedings pointed out by
those two sections is to be followed in all cases of manufacturing
corporations, whether officers or stockholders are to be charged,
upon grounds set forth in that statute or otherwise.

As the claim sought to be enforced is the original debt, and the
judgment is only a part of the necessary proceedings for enforc-
ing it, the repeal of the St. of 1863 by that of 1870 does not
defeat recovery ; it being provided that the repeal " shall not
impair any right already acquired or liability incurred under ex-
isting laws."

The persons joined with the corporation as defendants were
acting as directors during the whole period within which these
debts were contracted. They are therefore liable as such, if any
liability exists, notwithstanding the irregularity or informality
of the meetings at which they were elected.

They neglected to file the special certificate required by the St.
of 1862, c. 210, during the whole period of their official action
from February 1868.

It is contended that, as these debts, or some part of them at
least, were contracted within thirty days after the annual meet-

ing for 1869, there could be no default then ; because the certifi-cate required to be made is of facts as they existed at the date of the last annual meeting, and that certificate is not required to be filed until the end of thirty days after such meeting ; while the certificate required for the former year becomes an impossibility upon the occurrence of the next annual meeting, so that no duty to file it remains to be performed afterwards by either the old or the new board of directors.

But we think this construction of the statute is too strict and literal. The purpose is to secure, to the public, information, fur-nished by such a statement, of the character and condition of the corporation, so that those who may deal with it may have knowl-edge, or means of knowing those facts. So long as the public are deprived of this information, there is neglect on the part of the corporation ; and debts contracted while this condition exists are within the spirit and intent of the statute. It may be difficult to determine, in case of a change of officers at the annual meet-ing, whether the liability for debts contracted within thirty days thereafter, and before a certificate for the new year is filed, should fall upon the old board, who alone were guilty of neglect in re-gard to the certificate, or upon the new board, by whom such debts were contracted. But that difficulty does not arise here. That it was intended to be placed upon one or the other, we cannot doubt. The neglect of the old board is not cured until a certificate is filed.

The remaining question is, whether the officers of the corpora-tion may show the original invalidity of the claims relied on, or are concluded by the judgment against the corporation. We be-lieve the decisions in relation to individual liability for corporate debts have been, in all aspects in which the question has been presented, uniform in sustaining the conclusiveness of the judg-ment against the corporation, as establishing the existence of the debt for which it is rendered. *Gaskill* v. *Dudley*, 6 Met. 546. *Lane* v. *School District in Weymouth*, 10 Met. 462. *Holyoke Bank* v. *Goodman Paper Manufacturing Co.* 9 Cush. 576. *Far-num* v. *Ballardvale Machine Shop*, 12 Cush. 507. *Johnson* v. *Somerville Dyeing & Bleaching Co.* 15 Gray, 216.

It follows, that the plaintiff is entitled to recover his debt against the remaining defendants, as officers of the corporation.

*Decree accordingly.*