NEIL McRAE *vs.* JESSE A. LOCKE & others.

Suffolk. March 15. — Sept. 4, 1875. AMES & ENDICOTT, JJ., absent.

A bill in equity, filed after the passage of the St. of 1870, *c.* 224, to enforce personal liability of officers of a mining corporation on the ground of their neglect, while the St. of 1862, *c.* 210, and the St. of 1863, *c.* 246, were in force, to file the certificate thereby required, must aver that judgment has been recovered against the corporation, and that the other proceedings required by the St. of 1870, *c.* 224, §§ 40, 42, have been taken, notwithstanding the provision of § 69 of the latter statute that the repeal of the Sts. of 1862 and of 1863 shall not impair any right or liability incurred under existing laws.

BILL IN EQUITY, filed October 29, 1874, against the officers of the Massachusetts and Oil Creek Petroleum Company, a mining corporation organized in 1865 under the Gen. Sts, *c.* 61. The substance of the bill appears in the opinion. The defendants demurred for want of equity; and the case was reserved by *Ames*, J., for the consideration of the full court.

*A. S. Wheeler*, for the defendants.

*F. Goodwin*, for the plaintiff.

DEVENS, J. The plaintiff seeks to enforce payment by the defendants of certain notes of the company, upon the ground of their liability by reason of non-compliance with the provisions of the St. of 1862, *c.* 210, as to the annual certificates to be filed by them. The only question which the defendants desire to present by their demurrer is whether the bill may be maintained in its present form, which is in accordance with the provisions of the Gen. Sts. *c.* 68, § 17, or whether it is necessary to aver therein that a judgment has been obtained against the corporation upon

the debts thereby sought to be enforced against its officers, in accordance with the provisions of the St. of 1870, c. 224, § 40.

By the St. of 1862, c. 210, the certificates there required were to be filed by the officers of every corporation organized under the Gen. Sts. c. 61, to which class the corporation, of which the defendants are directors, belongs; and by the St. of 1863, c. 246, § 2, it was provided that officers neglecting or refusing to file such certificates "shall be jointly and severally liable for all debts of the corporation contracted during the continuance of such violation, refusal or neglect." Neither of these statutes provided for any form of remedy, but left that to the existing laws. The St. of 1862, c. 218, § 3, had provided an appropriate remedy to enforce any liability which might be incurred by such violation, refusal or neglect on the part of officers of manufacturing corporations, and required that, before such liability could be enforced, a judgment should be recovered upon the debt sued for against the corporation itself. But as the St. of 1862, c. 218, applied only to manufacturing corporations; *Byers* v. *Franklin Coal Co.* 106 Mass. 131, 134; the remedy against officers of mining corporations provided by the Gen. Sts. c. 68, § 17, was in no way affected by it, and continued to be the appropriate remedy until the passage of the St. of 1870, c. 224. The St. of 1870, by its terms, embraces mining as well as manufacturing corporations, and contains the general provision that no stockholder or officer shall be liable for the debts of the corporation unless a judgment therefor shall be recovered against the corporation, and the execution thereon returned unsatisfied, and further provides, after such return, for a remedy by bill in equity against such officers as may be liable. St. of 1870, c. 224, §§ 40, 42. Adopting the reasoning of the court in *Thayer* v. *New England Lithographic Co.* 108 Mass. 523, in considering the remedy provided against officers of manufacturing corporations by the St. of 1862, c. 218, § 3, while the remedy provided by this statute is not declared to be in place of or in addition to that allowed by the Gen. Sts. c. 68, § 17, it is full and complete, and its association indicates that the successive steps were intended to constitute one entire mode of remedy, which is exclusive of all others. It would be necessary for the plaintiff, therefore, in order to maintain his bill, to show that a judgment had been recovered against the corporation, and that

the other proceedings required by the St. of 1870 had been taken. Nor is this affected by the St. of 1870, *c.* 224, § 69, which, in repealing the St. of 1862, *c.* 210, and the St. of 1863, *c.* 246, under which the claim of the plaintiff is made, enacts that " this repeal shall not impair any right 'already acquired or liability incurred under existing laws." The plaintiff had not commenced his proceeding to avail himself of the rights which he had acquired, if any, or to enforce the liabilities which the defendants had incurred by any neglect of duty on their part at the time the St. of 1870, *c.* 224, was passed. These rights and liabilities remain as before ; but in seeking to enforce his remedy subsequently to the passage of that statute, the plaintiff must pursue the course there prescribed. *Demurrer sustained ; bill dismissed.*