JAMES V. FELKER *vs.* STANDARD YARN COMPANY & others.

Essex.   November 6, 1889. — November 29, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Corporation — Officer's Certificate — False Statement.*

The officers of a manufacturing corporation, who sign a "certificate required by law knowing it to be false," cannot be made individually liable for its debts, under the Pub. Sts. c. 106, § 60, unless such certificate is wilfully false.

BILL IN EQUITY, filed in the Superior Court on November 28, 1887, by the collector of taxes of the city of Newburyport, against the defendant corporation, and Elisha P. Dodge, Henry B. Little, John L. Dodge, and Eben Sumner, its president, treasurer, and directors, to compel them to pay to the plaintiff the amount of a tax assessed upon the corporation by the city for the year 1884. After the former decision, reported 148 Mass. 226, the case was heard on the report of a master, by *Hammond*, J., who ordered the bill to be dismissed; and the plaintiff appealed to this court. The material facts appear in the opinion.

*F. W. Hale*, for the plaintiff.

*B. B. Jones*, for the defendants.

FIELD, J.   The demurrer having been overruled, in accordance with the former decision in this case, reported in 148 Mass. 226, the defendants filed an answer, and the cause was referred to a master.   The bill has been dismissed as to the defendants John L. Dodge and Sumner, and it is prosecuted only against the defendants Elisha P. Dodge and Little.   The master reports that the business of the corporation had been closed up in 1884; that a demand for the payment of the tax had been made as late as March, 1885; that Little drew the certificate, which was signed by both of the defendants, and was sworn to by them on May 4, 1885; and it stated that the defendant corporation was free from debt; it was filed in the office of the Secretary of the Commonwealth on May 6, 1885.   This certificate was required by the Pub. Sts. c. 106, § 54.   The question presented is, whether, on the facts found by the master, it is shown that the defendants signed the certificate "knowing it to be false," within the meaning of the Pub. Sts. c. 106, § 60, cl. 5. The master further reports, " that the existence and non-payment of the aforesaid tax, assessed in 1884, had been brought to the knowledge and attention of the defendants Little and Elisha P. Dodge before said certificate was signed by them; that at the time they signed and swore to the certificate the fact that the tax existed and was unpaid had escaped their recollection, and they acted in good faith, and without any intention of deceiving, in signing and swearing to the truth of said certificate.   Except their forgetfulness as aforesaid, they knew that said tax was due and unpaid"; that "if the said Little and Dodge had given the matter consideration, they would have remembered that the tax was due and unpaid.   They were, however, men whose time was fully occupied with other business."

The defendants rely upon *Stebbins* v. *Edmands*, 12 Gray, 203. This is a decision upon the meaning of the Rev. Sts. c. 38, § 28, and it is said in the opinion, that "it must be made to appear that it [the certificate] was wilfully false, that is, made intentionally with a purpose to deceive.   The *scienter* or guilty knowledge intended by the statute must be equivalent to *mala fides* in making the certificate."   This section of the Rev. Sts. was incorporated in the Gen. Sts. c. 60, § 30.   Clause 5 of the Pub. Sts. c. 106, § 60, which we are considering, was derived

from the St. of 1870, c. 224, § 38, but the language relating to the question here presented so nearly resembles that of the Rev. Sts. c. 38, § 28, that we think it must receive the same construction. If the Legislature had intended to change the law as declared in *Stebbins* v. *Edmands*, we think this intention would have been indicated by some substantial change in the phraseology of the statute concerning the knowledge which the officers named must have that the certificate is false, in order to render them liable.

The master has, in effect, found that the defendants signed the certificate in good faith, believing it to be true when they signed it, although, if they "had given the matter consideration," they would have remembered that the tax was unpaid, and would have known that the certificate was false. It is said that in actions of deceit, or suits for the rescission of a contract, "a person cannot excuse himself for misrepresenting material facts which have been specially within his own knowledge, and of which he is the proper person to give information, by alleging that at the moment he forgot the true state of things." See Pollock on Torts, 247; *Burrowes* v. *Lock*, 10 Ves. 470, 476; *Slim* v. *Croucher*, 1 DeG., F. & J. 518; *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403.

But this is not an action for damages, nor a suit for the rescission of a contract on the ground of fraudulent misrepresentations. It is a suit to enforce a statutory liability which is in the nature of a penalty, and the case must be decided upon the construction to be given to the statute which imposes the penalty. A person cannot be convicted of wilful and corrupt perjury at common law, if he believes his testimony to be true, although it is false, and he has forgotten facts which, if present to his mind, would have convinced him that it was false. We think that the statute we are construing requires that the false statement in the certificate must be wilfully made in order to make the defendants liable.

*Decree affirmed.*