BERKSHIRE COAL AND GRAIN COMPANY, INCORPORATED,
& others *vs.* GEORGE W. WING & others.

Franklin.    September 21, 1927. — October 13, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Corporation*, Officers and agents, Certificate of condition.

Good faith of an officer of a corporation in signing a statement of condition
of a corporation does not relieve him from liability personally, under
G. L. c. 156, § 36, for a return false in particulars which on reasonable
examination he might have known to be false.

BILL IN EQUITY, filed in the Superior Court with a writ in
trustee process dated January 12, 1926, to enforce against
the defendants as officers of Ideal Lunch, Inc., liability under
G. L. c. 156, § 36.

Twenty-nine other creditors were permitted to intervene
as parties plaintiff.

The suit was referred to a master and afterwards was
heard by *Irwin*, J., by whose orders there were entered an
interlocutory decree confirming reports by the master and
a final decree for the plaintiffs.    The defendants appealed.

G. L. c. 156, § 36, reads as follows:

"The president, treasurer and directors of every corpo-
ration shall be jointly and severally liable for all the debts
and contracts of the corporation contracted or entered into
while they are officers thereof if any stock is issued in viola-
tion of section fifteen or sixteen, or if any statement or report
required by this chapter is made by them which is false in
any material representation and which they know, or on
reasonable examination could have known, to be false; but
directors who vote against such issue, and are recorded as so
voting, shall not be so liable, and only the officers signing
such statement or report shall be so liable."

*T. R. Hickey*, (*M. J. Levy* with him,) for the defendants.
*C. Fairhurst*, (*J. T. Bartlett* with him,) for the plaintiffs.

WAIT, J.   The single question for decision in this case is, whether good faith of an officer of a corporation in signing a statement of condition of the corporation bars responsibility under G. L. c. 156, § 36, for a return false in particulars which he might on reasonable examination have known to be false.

Under the law as it existed before the enactment of St. 1911, c. 488, § 1, this court held that bad faith in making the return must be shown before a corporate official could be held liable to creditors for the debts of the corporation. The language of the statutes then in force imposing the liability made the officers liable if they signed a certificate required by law "knowing it to be false," or "which they know to be false" in any material representation. The court held that actual knowledge of the falsity and bad faith in making the representation were essential to liability. *Stebbins* v. *Edmands,* 12 Gray, 203. *Felker* v. *Standard Yarn Co.* 150 Mass. 264. *International Paper Co.* v. *Gazette Co.* 182 Mass. 578. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138. See also *Heard* v. *Pictorial Press,* 182 Mass. 530.

It was argued in *Felker* v. *Standard Yarn Co., supra,* that the defendants sought to be charged admitted that they had known the fact to be different from the statement in the return, and that it was no excuse that they had forgotten it and were acting in good faith and in full belief of the truth of the return when they signed.   The court, however, held wilful misstatement essential, following *Stebbins* v. *Edmands, supra,* and said, page 266: "If the Legislature had intended to change the law as declared in *Stebbins* v. *Edmands,* we think this intention would have been indicated by some substantial change in the phraseology of the statute concerning the knowledge which the officers named must have that the certificate is false, in order to render them liable." That case was decided in 1889.   The language of the statute was changed in 1911; and St. 1911, c. 488, § 1, inserted after the words "which they know" the significant addition "or on reasonable examination could have known."   We think this made a substantial change in the law.   The intent of the

Legislature is manifest that mere good faith in signing a statement of facts the truth of which was unknown to the signer, should no longer excuse falsity in fact. Only where that falsity could not be known on reasonable examination does good faith excuse.

In the case before us there is an explicit finding that, had reasonable examination of the return been made, the falsity of statements it contained would have been recognized. The further finding of good faith in signing without examination is immaterial. To hold otherwise would render the certificate worthless as a safeguard for creditors. Creditors are entitled to demand of the signer both good faith and reasonable examination to ascertain the truth of the representations of the certificate.

*Decrees affirmed with costs.*