EMPIRE LABORATORIES INC. *vs.* GOLDEN DISTRIBUTING CORPORATION & others.

Suffolk.   January 8, 1929. — March 1, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Corporation*, Officers and agents: liability for false return; Statement of condition. *Judgment. Words*, "Merchandise."

If a Massachusetts corporation, engaged in the business of distributing moving picture prints to theatres in New England, obtains such prints as lessee from national distributors, to whom it agrees to pay sixty-five per cent of gross rentals received by it, and advances certain sums to the national distributors on account of that sixty-five per cent, the amount of such advances is not "merchandise" and should not be so denominated in a return made by the corporation under G. L. c. 156, § 47.

In a suit in equity by a judgment creditor of the corporation to enforce the liability of directors arising under G. L. c. 156, §§ 36, 38, by reason of a return signed and sworn to by the defendants as above described, it appeared that the defendants acted in good faith and were not conscious that they were making a false return in describing such asset as merchandise; and that they may have been misled by information they received from accountants and others; but it was *held*, that, nevertheless, the return was false, that the individual defendants could have known that it was false if they had made a reasonable examination, and that the statutory liability attached.

In the suit above described, it appeared that the judgment against the corporation which was the basis of the suit was $1,000 in excess of what it should have been; that, more than ten days before the bringing of the suit, and purporting to act under G. L. c. 156, § 38, the plaintiff had made written demand for payment of the full amount of the judgment; and that both in obtaining the judgment and in making the demand the plaintiff's attorney had acted in good faith. By agreement of the plaintiff, the amount sought to be enforced against the defendants by the final decree was less than the amount of the judgment by $1,000 and interest. *Held*, that

(1) The judgment, not having been vacated, was conclusive: it could not be attacked collaterally;

(2) The written demand complied with the requirements of § 38 and was lawful and sufficient.

The mere fact, that certain of the defendants in the suit above described, who were directors of the corporation when the corporation contracted the debt which was afterwards reduced to judgment and who had signed and sworn to the false return, resigned before the plaintiff's claim was reduced to judgment in the action at law, did not permit them to escape liability under G. L. c. 156, §§ 36, 38.

BILL IN EQUITY, filed in the Superior Court on October 11, 1927, against Golden Distributing Corporation, a Massachusetts corporation, and five individuals, the plaintiff alleging that the individual defendants were officers of that corporation at the time of the contracting by it of certain debts upon which afterwards the plaintiff obtained a judgment, and that they had made a false return to the department of corporations and taxation which subjected them to liability under G. L. c. 156, §§ 36, 38.

In the Superior Court, the suit was heard by *Lummus*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), to take the evidence.

Among other findings by the judge were the following:

"The Golden Distributing Corporation was in the business of distributing moving picture prints to theatres in

New England. It obtained these prints from national distributors, of which the Arrow Pictures Corporation and the Ginsburg Pictures Corporation were two. The national distributors obtained the films from the producers, who maintained theatrical companies, acted the plays and did the photography. The national distributors took the resulting films, made many prints from them and distributed the prints to local distributors like the Golden Distributing Company, on a royalty basis, the usual basis being that the local distributing company transmitted to the national distributors sixty-five per cent of the proceeds received from the theatres in which the pictures were shown. In addition to that, the local distributor also paid the comparatively small cost of making from the films the prints which he received and distributed. The contract with the national distributor gives the local distributor the exclusive right to distribute the prints to theatres within his territory, and that right is valuable to the local distributor, or not, according to the reputation of the producer and the actors, the attractiveness of the photoplay, and, in general, the drawing power of the photoplay at the theatre. In addition to this, the standing and reputation of the national distributor for carrying out its contracts are important, for otherwise the anticipated profits cannot be relied upon."

The judge further found in substance that on April 11, 1927, the plaintiff obtained a judgment by default against the defendant corporation in the sum of $9,549.79; that this was $1,000 in excess of what it should have been; that on September 26, 1927, a demand for the entire amount of that judgment was made in writing upon the defendant corporation; and that, both in obtaining the judgment and in making the demand, the attorney for the plaintiff had acted in good faith, not realizing that judgment had been obtained for a larger amount than was due. "Full realization of the duplication came to the plaintiff's attorneys only shortly before the trial of this case, in July, 1928. The plaintiffs now agree that in any decree that may be made for the plaintiff in this case, the judgment of April 11,

1927, shall be enforced only for the residue after deducting from said judgment $1,000 and interest." The judge ruled: "The judgment upon these facts appears to have been valid at law for the full amount. Any attack upon it would have necessitated a petition to vacate judgment, or some other proceeding for its direct impeachment. I rule that the demand was lawful and sufficient."

Other material facts found and rulings made by the judge are stated in the opinion. By his order a final decree was entered "that the plaintiff recover against the individual defendants . . . the sum of $8,484.29 and costs," and that execution issue therefor. The defendants appealed.

*L. A. Mayberry*, (*R. Gallagher* with him,) for the defendants.

*A. C. Blake*, for the plaintiff.

CARROLL, J. This is a suit in equity under G. L. c. 156, §§ 36, 38, to enforce the liability of the officers of the Golden Distributing Corporation, hereafter called the Golden Company, for the debts of the corporation, the defendants being charged with making a false return.

The plaintiff alleged that the annual report of the corporation was false in respect to the item of merchandise, $51,-534.55. By this item the sum $4,822.90 appears as office furniture, equipment, stationery, and the like. This sum of $4,822.90 was found to be correct, that the corporation had tangible assets to this extent. The controversy concerns the remainder of the item of $51,534.55, namely $46,711.65.

The Golden Company was in the business of distributing moving picture prints to theatres in New England. It obtained these prints as lessee from national distributors. The national distributors remained the owners, and were to receive sixty-five per cent of the gross rentals received for the prints by the Golden Company. It was the practice of the national distributors to receive from the Golden Company when the prints were delivered to it, advances on account of the sixty-five per cent royalties which were expected to become due under the contract. These advances were treated by the Golden Company as assets. On Decem-

ber 31, 1925, the account of advances to the national distributors under the contracts showed a balance of $46,711.65. This balance or asset was treated as "merchandise" and described as such in the annual report.

The judge ruled that these advance payments, "coupled with the possession of the prints as lessee but not as owner, were not properly described as 'merchandise'; and that as to the asset in question 'merchandise' was a material false representation, although not known to be false by the individual defendants in the sense that they were conscious of any wrong-doing in describing it as 'merchandise.'" He found, following *Berkshire Coal & Grain Co.* v. *Wing*, 261 Mass. 38, that this false representation was one which the defendants could have known was false on reasonable examination, within the meaning of G. L. c. 156, § 36.

G. L. c. 156, § 47, requires an annual report of a corporation to be submitted to the commissioner, the report to contain a statement of assets and liabilities of the corporation to be made substantially in the form set out in this section; and under § 36 of this chapter, the officers shall be liable for the debts of the corporation "if any statement or report required by this chapter is made by them which is false in any material representation and which they know, or on reasonable examination could have known, to be false."

The purpose of the statute requiring an annual return or statement of the condition of the corporation is to give the public information of the character and condition of the corporation, so that those dealing with it may know the facts and its financial condition. *Thayer* v. *New England Lithographic Steam Printing Co.* 108 Mass. 523, 528. The advances made by the Golden Company to the national distributors under the contract were not merchandise and could not correctly be described as such. "Merchandise" is, it has been said, a word of large signification. *Tupper* v. *Barrett*, 233 Mass. 565, 568. It is however limited to "subjects of commerce," goods, wares, commodities, having "a sensible, intrinsic value"; *Citizens' Bank* v. *Nantucket Steamboat Co.* 5 Fed. Cas. 719; or tangible property which may be the subject of sale; *New England & Savannah Steamship Co.*

v. *Commonwealth*, 195 Mass. 385. Although promissory notes and shares of stock have been held to be merchandise under the statute of frauds, *Baldwin* v. *Williams*, 3 Met. 365, 367, *Tisdale* v. *Harris*, 20 Pick. 9, 13, it was held in *Somerby* v. *Buntin*, 118 Mass. 279, 285, that the words of the statute of frauds have never been extended beyond securities which are the subjects of sale and "which have a visible and palpable form"; and these words do not include a patent right granted to an inventor. See *Beacon Oil Co.* v. *Perelis*, 263 Mass. 288, 292.

The word "merchandise" in the certificate of the condition of the corporation would lead a creditor to believe that the corporation had actual tangible assets to the amount of $51,534.55. The return stated that the Golden Company possessed merchandise to this amount. The natural inference would be that this amount could be reached if necessary to satisfy the debts by the corporation. The portion representing advance payments to the national distributors was a mere bookkeeping asset, which could not be sold; it was not a tangible asset. Calling it merchandise would mislead a creditor, and it was correctly ruled that it was not merchandise; that, within the meaning of the statute, it was a false representation which on reasonable examination the defendants could have known to be false.

An examination of the evidence shows that the defendants acted in good faith and were not conscious they were making a false return in describing this asset as merchandise; and they may have been misled by information they received from accountants and others. But we are satisfied that the return was false, and the individual defendants could have known this if they had made a reasonable examination.

The plaintiff's judgment was excessive by the amount of $1,000 and interest thereon. The original action was for $9,000 on eleven notes and one check, but the check and one of the notes were in payment of one of the notes for $1,000. The result was that the plaintiff recovered judgment by default for $1,000 more than was actually due. The plaintiff now agrees that in any decree which may be made in its favor, its judgment may be enforced only for the residue

after deducting $1,000 and interest. The decree makes this deduction.

The judge ruled that to attack the judgment a petition to vacate it or some proceeding for its direct impeachment was necessary; and that the demand was lawful and sufficient. The trial judge was right. The judgment was conclusive: it could not be attacked collaterally. *Thayer* v. *New England Lithographic Steam Printing Co., supra,* and cases cited. The written demand of September 26, 1927, on the Golden Company was under the statute; it was lawful and sufficient.

The notes upon which the plaintiff's action was based were given while all of the defendants were officers of the Golden Company. Before judgment in the original action was entered, three of the defendants resigned. The judge ruled that as the plaintiff's debt was contracted while all the defendants were officers, they all could be held liable in this proceeding. To allow the defendants to escape liability by resigning before entry of judgment would defeat the purpose of the statute: the ruling of the judge was right. *Felker* v. *Standard Yarn Co.* 148 Mass. 226. *Berkshire Coal & Grain Co. Inc.* v. *Wing,* 261 Mass. 38. See *Heard* v. *Pictorial Press,* 182 Mass. 530; *E. S. Parks Shellac Co.* v. *Harris,* 237 Mass. 312.

*Decree affirmed with costs.*