UNITED OIL COMPANY *vs.* EAGER TRANSPORTATION CO. & others.

Suffolk. November 3, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Corporation*, Certificate of condition; Officers and agents: liability for false return.

A certificate of condition of a Massachusetts corporation was made out by an accountant in accordance with the manner in which the books of the corporation were kept under the supervision of the same accountant, and was signed and sworn to by the president, treasurer and directors in good faith and filed as required by G. L. c. 156, § 47. On the assets side, the certificate included an item "Autos, trucks and teams" which stated as their value their total original purchase price, although they had been in use for approximately ten years and were in fact, owing to depreciation, worth very much less than so stated. Other items among the assets were accounts receivable, cash, good will and profit and loss. Among items on the liabilities side of the statement was "Reserves," without further itemization. The figures there stated included an amount charged off on the corporation's books as depreciation on the various autos, trucks and teams and an item of about $300 for bad debts. The net condition of the corporation, as represented in the amount of profit and loss as shown on the certificate of condition, therefore was accurately stated. In a suit in equity by a creditor against the corporation and such officers and directors under § 36 of the statute, the judge found and ruled that the certificate of condition was false in a material representation, to wit, with reference

to the value of the autos, trucks and teams owned by the defendant corporation, and that the individual defendants knew, or on reasonable examination could have known, that such representation was false; and a final decree was entered ordering the individual defendants to pay a certain sum to the plaintiff. Upon an appeal by the defendant, which did not include a report of the evidence, it was *held,* that

(1) The representation of the value of "Autos, trucks and teams" in the statements of assets and liabilities here in question was "material" and, standing alone, was "false";

(2) The item "Reserves" fell short of correcting the false representation of the value of the "Autos, trucks and teams";

(3) Though the outside auditor, whose verification is required by § 49 of the statute in the case of some corporations, must state under oath that the "report represents the true condition of the affairs of said corporation as disclosed by its books," there is no express provision in the statute and no implication therefrom that the responsible officers and directors of a corporation are not required to report its actual condition whether or not disclosed by the books;

(4) The finding that "the individual defendants knew, or on reasonable examination could have known," that the representations of the value of the "Autos, trucks and teams" were false, being based, not on subsidiary findings, but on unreported evidence, must stand;

(5) The fact that the individual defendants acted in good faith did not relieve them of responsibility under the statute;

(6) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on April 17, 1929, and described in the opinion.

In the Superior Court, the suit was heard by *Gray,* J. Material facts found by him are stated in the opinion. From a decree for the plaintiff, the defendants appealed.

*F. W. Fisher,* for the defendants, submitted a brief.

*N. Golden,* for the plaintiff.

FIELD, J. G. L. c. 156, § 47, requires a domestic business corporation to submit each year to the commissioner of corporations (for filing in the office of the State Secretary under § 48) a "report of condition," "signed and sworn to by its president, treasurer and a majority of its directors," including among other things a "statement of the assets and liabilities of the corporation as of the date of the end of its last fiscal year," substantially in the form therein set forth. This form is a balance sheet showing, on one side, "Assets," subdivided according to their nature, and, on the other, "Liabilities," including indebtedness of different

kinds, "Capital stock," "Reserve" and "Surplus," the statement being balanced by a "Profit and loss" item on the proper side. Section 36 provides that the "president, treasurer and directors . . . shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof . . . if any statement or report required by this chapter is made by them which is false in any material representation and which they know, or on reasonable examination could have known, to be false," but "only the officers signing such statement or report shall be so liable." Section 38 authorizes creditors to enforce the liability so imposed by a bill in equity.

This suit was brought in the Superior Court under G. L. c. 156, § 38, by a creditor of the defendant Eager Transportation Company, a domestic corporation, against that company, its president, its treasurer and its clerk, who were also its directors, to recover from the individual defendants the amount which the corporate defendant owed the plaintiff, on the ground that its reports of condition — "certificates of condition" — signed and sworn to by the individual defendants and filed in 1927, 1928 and 1929, respectively, were "false" in a "material representation" and that the individual defendants knew, or ought to have known, them to be false. The judge made findings and rulings and entered a final decree "that there is due to the plaintiff from the defendant corporation the sum of $1246.24 with costs . . . for which the individual defendants are jointly and severally liable" and that execution therefor issue. The defendants appealed.

In support of their appeal the defendants contend that the reports of condition were not "false in any material representation," and if "false," were not known to the individual defendants and could not be known to them "on reasonable examination" to be so.

The evidence is not reported. Copies of the reports of condition, found by the judge to be true copies thereof, are set out in the record. The report filed in 1927, which was typical, showed on the "Assets" side, "Autos, trucks

and teams [$] 14,735 . . . Accounts receivable [$] 1,-990.30 Cash [$] 24.28 . . . Good will [$] 16,312.78 Profit and loss [$] 18,998.14 Total $52,060.50," and on the "Liabilities" side, "Capital stock . . . $25,000 . . . Accounts payable [$] 12,327.33 Notes payable [$] 900 Reserves [$] 13,833.17 . . . Total $52,060.50." The judge also made the following "Findings and Rulings" material to the defendants' contention: "In each certificate of condition was the item of assets, 'autos, trucks and teams', carried at a valuation of $14,735 in the first two years, and at a valuation of $8,735 in the third year. These amounts were, in fact, the total original purchase price of the vehicles on hand in each of the three years. They had all been in use for approximately ten years and were, in fact, worth approximately $1,000 in each of said years. The company on its books charged off from time to time depreciation on the various autos, trucks and teams, and the total amount of the depreciation was included each year as part of the item 'reserves' on the liability side of the certificate of condition. The only other item included in 'reserves' was a small amount for bad debts, which in each year amounted to approximately $300. The difference between the value of the autos, trucks and teams in each year, as stated in the certificate of condition, and the amount of the reserves less the small amount of bad debts, represented in each year the true value of the autos, trucks and teams. The result is that the net condition of the company, as represented in the amount of profit and loss as shown each year on the certificate of condition, was accurately stated, at least so far as that net condition was affected by the valuation of the autos, trucks and teams in the certificate of condition. The certificates were made out each year by an accountant employed by the defendant corporation and were made out in accordance with the manner in which the books of the corporation were kept under the supervision of the same accountant. The individual defendants acted throughout in good faith. On these findings of fact, I find and rule that the certificate of condition was false in a material representation, to wit,

with reference to the value of the autos, trucks and teams owned by the defendant corporation. I further find that the individual defendants knew, or on reasonable examination could have known, this representation to be false."

The trial judge was right in his conclusion, based upon his subsidiary findings, which must stand since the evidence is not reported, that these reports of condition were " false " in a " material representation." We see no basis in the statute for the suggestion made by the defendants that the persons signing a report of condition, though liable for other false statements therein, are not liable for false statements of assets and liabilities. The statement of assets and liabilities required by the statute is an integral part of the report. It is plain, also, that the requirements of the statute are not satisfied by a statement which shows accurately the " net condition of the company, as represented in the amount of profit and loss," but is false in material details. The representations of the value of " Autos, trucks and teams " in the statements of assets and liabilities here in question were " material " and, standing alone, " false." *Heard* v. *Pictorial Press*, 182 Mass. 530, 532. The question is whether they were made true by any other items in the statements, and this question must be answered in the light of the purpose of the statutory requirement of a report, which is " to give the public information of the character and condition of the corporation, so that those dealing with it may know the facts and its financial condition." *Empire Laboratories Inc.* v. *Golden Distributing Corp.* 266 Mass. 418, 422. The representations were made true, if at all, by the items of " Reserves " on the " Liabilities " side of the statements. This item, in each case, represented principally the excess of the value of " Autos, trucks and teams," as stated in the report of condition, over their actual value. We are not called upon to determine whether this excess is properly described as a " Reserve " or to pass on the propriety in general of an accounting practice which purports to show a necessary deduction from assets by an addition to liabilities. A true

statement would show, at least, that the liability item was a deduction from assets and identify the asset item from which the deduction was to be made. There was no such showing in these statements. The items of " Reserves," so far as appear in the reports, might, for example, represent provisions for possible losses, or necessary deductions from the asset items of " Good will," if " Reserves " can be said to represent necessary deductions from any assets. In any event these items of " Reserves " fall short of correcting the representations of the value of the " Autos, trucks and teams " owned by the corporation. Each statement of assets and liabilities, taken as a whole, " would lead a creditor to believe that the corporation had actual tangible assets " — " Autos, trucks and teams " — of the value stated on the " Assets " side. " The natural inference would be that this amount could be reached if necessary to satisfy the debts by the corporation." *Empire Laboratories Inc.* v. *Golden Distributing Corp.* 266 Mass. 418, 423.

It is argued that the reports of condition were not " false in any material representation," since they represented the condition of the corporation as disclosed by the books. But they did not. The finding of the judge that the reports of condition " were made out each year . . . in accordance with the manner in which the books of the corporation were kept," must be read with the finding that the "company on its books charged off from time to time depreciation on the various autos, trucks and teams, and the total amount of the depreciation was included each year as part of the item ' Reserves ' on the liability side of the certificate of condition." Obviously the books show that the " Reserves " represent principally necessary deductions from the value of the " Autos, trucks and teams," though summaries taken therefrom for the reports of condition do not. Moreover, though the outside auditor whose verification is required by § 49 in the case of some corporations by express provision is to state under oath that the " report represents the true condition of the affairs of said corporation as disclosed by its books," there is no express provision and no implication that the responsible officers

and directors of a corporation are not required to report its actual condition whether or not disclosed by the books.

The finding that "the individual defendants knew, or on reasonable examination could have known," that the representations of the value of the "Autos, trucks and teams" were false, was based, not on subsidiary findings, but on unreported evidence. We cannot say that it was not warranted. It is not inconsistent with the other findings. On the contrary they furnish some indication that if these defendants had made a reasonable examination of the books they could have known that the values reported for "Autos, trucks and teams" should have been reduced on account of depreciation. The good faith of the individual defendants does not relieve them from responsibility. *Berkshire Coal & Grain Co. Inc.* v. *Wing,* 261 Mass. 38.

> *Decree affirmed with costs against*
> *the individual defendants.*