## H. B. HUMPHREY COMPANY *vs.* POLLACK ROLLER RUNNER SLED CO. INC. & others.

Suffolk.    October 5, 1931. — March 2, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Corporation*, Statement of condition, Directors' liability. *Words*, "Paid," "Expenses."

Directors of a Massachusetts corporation signed a certificate of condition of the corporation which was filed under G. L. c. 156, § 47, (4), and which stated that the amount of capital stock then outstanding was ten thousand shares with par value and that the amount paid thereon was $100,000, whereas the said stock was paid for by a transfer to the corporation of patent rights which were honestly valued by the directors in the light of facts then known as worth $51,000; by services in organization and promotion, stated in the articles of organization filed under §§ 10, 11, of the statute as worth $24,500, but in fact fairly worth at most only a small part of that amount; and by expenses of promotion stated in the articles of organization to have been $24,500, but actually amounting to only a trifling portion of that amount. Such directors were familiar with all the facts relating to the issue and, if the statement was false, they knew it to be false although they acted without dishonest intent and left the details of organization of the corporation to a lawyer who knew all the facts and was responsible for the manner in which the stock was issued. In a suit by a judgment creditor against such directors under § 36 of the statute, a final decree was entered dismissing the bill. The plaintiff appealed, and it was *held,* that

(1) The statement in the certificate of condition was false as a matter of law by reason of the facts therein set out as to the services and expenses;

(2) The circumstance that the defendants acted without dishonest intent and left details of organization of the corporation to an attorney, who knew the facts and was responsible for the manner in which the stock was issued, did not exonerate them;

(3) The statement was false in a "material representation" within the meaning of those words in G. L. c. 156, § 36;

(4) Liability under the statute was established.

St. 1931, c. 313, amending G. L. c. 156, § 36, was not in force at the time of the hearing of the suit above described, and this court, stating that the effect of that amendment was not before the court upon the appeal, and in reversing the decree dismissing the bill ordered that, if the defendants desired to offer any amendment to their pleadings, raising any question under St. 1931, c. 313, that amendment might be presented to the Superior Court.

BILL IN EQUITY, filed in the Superior Court on September 20, 1929, to enforce liability of directors of a Massachusetts corporation under G. L. c. 156, § 36.

In the Superior Court, the suit was heard by *Gray*, J. Material facts found and rulings made by him are stated in the opinion. By his order a final decree was entered dismissing the bill. The plaintiff appealed.

*S. H. Babcock*, for the plaintiff.

*J. F. Neal*, for the defendants.

RUGG, C.J.   The corporate defendant (hereafter called the defendant) is indebted to the plaintiff in a substantial sum on a judgment rendered in an action for indebtedness incurred prior to January 1, 1928. The present suit is brought to recover the amount of that judgment from three individuals who were directors of the defendant, because of certain false statements in the certificate of condition of the defendant filed in March, 1928. The only issue now material relates to a statement in that certificate of condition to the effect that the amount of stock issued and outstanding at the date of the last annual meeting was ten thousand shares with par value, and that the amount paid thereon was $100,000. The trial judge found the facts to be that there were issued and outstanding at the date of the last annual meeting preceding the filing of that certificate of condition ten thousand shares of common stock of the par value of $10 per share, and that these shares of stock were issued and paid for as follows: Patent Rights $51,000, Services — Organization and Promotion $24,500, Expenses — Promotion $24,500; that these facts appeared in the articles of organization made in the usual form by the directors and filed in the office of the Secretary of the Commonwealth pursuant to G. L. c. 156, §§ 10, 11; that the value of the patent rights was not easily determined and was a matter of judgment and opinion; that that valuation was honestly made in the light of facts then known and, although subsequent events indicated that the actual value was not as high as stated, that none of the defendants knew or could have known this statement to be false; that the services were fairly worth at most only a

small part of the amount stated and that expenses of promotion amounting only to a trifling portion of the amount stated were actually incurred. He ruled as matter of law that, while the directors might be responsible for issuing stock in violation of G. L. c. 156, §§ 15, 16, the stock was actually issued as stated in the certificate of condition and therefore that statement was not false. He further found that, if his ruling was wrong and if, on the facts found, the statement in the certificate of condition was false as matter of law, then two of the individual defendants (hereafter termed the defendants) were familiar with all the facts relating to the issue and, if false, they knew it to be false although they acted without dishonest intent and left the details of organization of the corporation to a lawyer who knew all the facts and was responsible for the manner in which the stock was issued. A third individual defendant, having become a director subsequently to the issue of stock, was completely exonerated. In any event he drops out of the case.

The evidence not being reported, the findings of fact made by the trial judge must be accepted as final. The question to be decided is the kind of decree which ought to be entered on those facts under the frame of the bill. *First Baptist Society in Brookfield* v. *Dexter*, 193 Mass. 187, 189. *Commissioner of Banks in re Cosmopolitan Trust Co.* 249 Mass. 144, 147. *Granlund* v. *Saraf*, 263 Mass. 76, 79.

The liability here sought to be enforced arises under G. L. c. 156, § 36, whereby "directors of every corporation shall be jointly and severally liable for all the debts . . . of the corporation contracted . . . while they are officers thereof . . . if any statement or report required by this chapter is made by them which is false in any material representation and which they know, or on reasonable examination could have known, to be false . . . ." The certificate of condition in question was required by G. L. c. 156, § 47 (4), and must state among other matters the "amount of stock with par value . . . issued and outstanding and the amount then paid thereon . . . ." The significant mandate here is that the amount "paid" on the

capital stock must be stated. That cannot be met by an inflated or grossly exaggerated statement of value. By G. L. c. 156, § 15, capital stock may be issued "for cash, at not less than par," for "property, tangible or intangible," or for "services or expenses." Those words import substantial values. The context implies that, where things other than cash are taken in return for the issue of stock, they shall be received by the corporation at a value bearing fairly accurate relation to the par value of the stock issued in exchange therefor. The purpose of these statutory provisions is to give to the public information under the sanction of the oath of responsible officers concerning the character and condition of the corporation, so that those dealing with it may know or have means of knowing the facts concerning its financial resources and business responsibility as far as afforded by the subjects included within the requirements of the certificate. *Thayer* v. *New England Lithographic Steam Printing Co.* 108 Mass. 523, 528. *Empire Laboratories Inc.* v. *Golden Distributing Corp.* 266 Mass. 418, 422.

Where property is conveyed in return for stock issued, and the valuation of such property is not fixed by an actual market but rests necessarily on opinion, a valuation honestly made as the basis of transfer would not render the directors liable. *Heard* v. *Pictorial Press*, 182 Mass. 530, 533. *Craig* v. *Wade*, 159 Cal. 172. That principle rightly was applied by the trial judge to the transfer to the corporation of the patent rights.

The expenses and services in organization and promotion stand on a different footing. The provisions of G. L. c. 156, § 15, authorizing the issuance of capital stock of a corporation "for services or expenses," were intended to mean something real. They cannot be satisfied by fanciful overstatement. There can be no justification for a statement in the articles of organization of a corporation that stock was issued for "Expenses" amounting to $24,500, when only a trifling part of that amount was actually incurred. "Expenses" in this connection means an actual and honest disbursement. Likewise, a statement of issuance of stock

in the same amount for "Services — Organization and Promotion," when such services were worth at most only a small part of that amount, cannot be justified. The services in organization and promotion of a corporation must be placed at a value bearing some rational relation to the par value of the stock issued therefor. These statements in the articles of organization were manifestly false.

The statutes as to the organization of corporations and the annual certificates and returns to be filed with State officers, although varying from time to time, are designed in part to render their management honest and to prevent them from becoming a "system of frauds." *Peabody* v. *Flint*, 6 Allen, 52, 55. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 188. If G. L. c. 156, § 47 (4), as to the certificate of condition (already quoted so far as material) is to be a genuine force and not a vain form, the word "paid" therein must be construed, as applied to things other than cash, to mean a payment at a reasonable and honest valuation and not at one having only a trivial relation to the truth. The findings of the trial judge make it plain that there was no compliance with that clause. Nevertheless, the stock had been actually issued on that inflated valuation. The defendants as directors knew all the facts touching this issue of stock, including the fact that the "amount then paid" on the stock was stated in the articles of organization to be grossly in excess of the real value received by the corporation. Having all this knowledge, they signed the certificate of condition containing the statement that the amount paid to the corporation for the stock was $100,000. The precise question is whether in these circumstances it can be said that this statement was true merely because the stock in fact was issued for expenses and for services in organization and promotion, as stated in the articles of organization, at the flagrantly excessive valuation. We think that the section cannot thus be interpreted. When directors sign a statement to the effect that the amount paid on ten thousand shares of stock with par value was $100,000, although they have knowledge, or as reasonable men ought to have knowl-

edge, being cognizant of all the facts, that the stock was issued in return for a payment approximately slightly in excess of half that amount, and that the other things turned over to the corporation were worth at most only a small proportion of the other half, it cannot be said, with due regard to the statutory mandate, that they have stated truthfully the amount paid on the capital stock.  Those who have actual knowledge of the real state of affairs cannot be screened from statutory liability by conduct of the corporation, even though disclosed on its records as to issuance of stock and valuation of what was received therefor, of which they had full knowledge.  Officers who assume the responsibilities and duties incident to the organization of a corporation cannot shut their eyes to that which is open to observation.  Consciousness of falsehood is not essential provided the facts are known and would show to the ordinary mind that the valuation could not be true.  Such officers must act with reasonable intelligence.  *Albert E. Touchet, Inc.* v. *Touchet*, 264 Mass. 499, 507.  The statute is designed among other ends to prevent a delusive appearance of financial soundness not supported by facts.  It is only by giving this interpretation to the statute that effect can be given to its purpose to cause to be put upon the public record information as to the condition of the corporation so that those dealing with it may have opportunity to know the facts as to its financial condition.

We are therefore of opinion that, on the facts found, the statement in the certificate of condition was false as matter of law.  The finding is that, since the defendants were familiar with all the facts relating to the issue of stock, "if the statement was false they knew it to be false."  That finding must stand.  The case is covered in principle on this point by *Heard* v. *Pictorial Press*, 182 Mass. 530, *Empire Laboratories Inc.* v. *Golden Distributing Corp.* 266 Mass. 418, *United Oil Co.* v. *Eager Transportation Co.* 273 Mass. 375, *Huntington* v. *Attrill*, 118 N. Y. 365.  Compare *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132.

The circumstance that the defendants have acted without dishonest intent and have left details of organization of the

corporation to an attorney who knew the facts and was responsible for the manner in which the stock was issued, does not exonerate the defendants. Advice of counsel may be material in determining whether directors know the facts to be false; it does not protect them when they know all the facts. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 144, 145, 146.

The statement in the certificate of condition signed by the defendants was false in a "material representation" within the meaning of those words in G. L. c. 156, § 36. It is obvious that the amount actually paid to the corporation for the issuance of its capital stock would be a substantial factor in its assets and hence in determining its credit. From the terms of G. L. c. 156, § 15, members of the interested public would be bound to contemplate that part of the capital stock might be issued for services and expenses. But such person might rightly assume that the valuation of such elements taken in return for the issuance of capital stock would be made both in good faith and with reasonable approximation to accuracy. It transcends all rational bounds to infer that capital stock of $49,000 out of a total capital stock of $100,000 was issued for these elements. A person well might be deceived by a statement based on such fictitious exaggeration of values. *Empire Laboratories Inc.* v. *Golden Distributing Corp.* 266 Mass. 418.

The conclusion follows that on the facts as found liability on the part of the defendants under the statute was established. We reach this result having fully in mind the principle that liability of this nature, depending not upon the common law but upon the provisions of a statute, must be construed strictly according to the positive enactment. *Auld* v. *Caunt*, 216 Mass. 381, 382, 384, and cases cited. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 60.

The plaintiff has argued that its cause of action is not affected by St. 1931, c. 313, whereby G. L. c. 156, § 36, as to the liability of officers and directors in corporations, was amended. The defendants have made no argument on that point. That amendment had not been enacted at the time of the trial, or at the time of the entry of the final de-

cree. Manifestly, the case was not tried with reference to it. However construed, it cannot affect the jurisdiction of the court to dispose of the case. If the defendants desire to rely upon it, they must put that defence upon the record in some form. See *Castaline* v. *Swardlick*, 264 Mass. 481. The effect of that amendment upon the case at bar is not rightly before us at this time. See in this connection *E. S. Parks Shellac Co.* v. *Harris*, 237 Mass. 312; *Manchester* v. *Popkin*, 237 Mass. 434; *Ettor* v. *Tacoma*, 228 U. S. 148; *Wilson* v. *Head*, 184 Mass. 515. See, also, *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3–5; *Paraboschi* v. *Shaw*, 258 Mass. 531, 533.

The decree is reversed. A decree is to be entered dismissing the bill against Neal with costs in his favor. If the other defendants desire to offer any amendment to their pleadings, raising any question under St. 1931, c. 313, that amendment may be presented to the Superior Court within thirty days after the date of the rescript, the allowance of such amendment to be in the discretion of the Superior Court; if so presented and allowed, the facts already found by the trial judge are to stand, and any new trial is to be confined to new issues raised by such amendment. *Simmons* v. *Fish*, 210 Mass. 563. If no such amendment is allowed, decree is to be entered in favor of the plaintiff for the sum found due with interest and costs of suit.

*Ordered accordingly.*