# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

ENTERPRISE WALL PAPER MANUFACTURING COMPANY & another *vs.* DAVID J. GORDON & others.

Essex.    April 7, 1942. — June 24, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Corporation,* Officers and agents, Issue of shares.

Under G. L. (Ter. Ed.) c. 156, § 36, the officers and directors of a corporation were liable to its creditor for a debt contracted while they held their offices where, in violation of § 16, they had issued stock to themselves without the corporation's receiving any of certain property for which the stock was authorized to be issued, or payment therefor in any other form, irrespective of whether the creditor in extending credit relied on a false statement by them in the articles of organization that the stock had been paid for by such property.

BILL IN EQUITY, filed in the Superior Court on June 2, 1939.

The defendants appealed from an interlocutory decree confirming a master's report, entered by order of *Giles,* J. and from a final decree entered by order of *Hurley,* J.

*H. B. Zonis,* (*S. Buckman* with him,) for the plaintiff.

*J. J. Gaffney,* for the defendants.

DOLAN, J.  This is a bill in equity brought by the Enterprise Wall Paper Manufacturing Company and the Atlas Wallpaper & Paint Co. Inc., creditors of the Peabody

Paint and Wallpaper Company (hereinafter called the Peabody company), a corporation now in bankruptcy, against the latter's officers and directors as individuals to recover debts owed by the corporation (see G. L. [Ter. Ed.] c. 156, §§ 36–38), and to reach and apply twenty-five shares of the common stock of the Elm Hill Realty Company owned by the defendant Gordon on those debts. The case was referred to a master by the judge below. Upon the defendants' motion to recommit, the report was recommitted to the master with instructions to append to his report a summary of certain evidence upon which certain findings had been made by him. After this had been done the judge entered an interlocutory decree, overruling the defendants' exceptions to the master's report and confirming the report, and a final decree fixing the sums due and payable to the respective plaintiffs and ordering the defendants to pay said sums with interest from the date of filing of the bill. Other provisions of the decree for satisfaction of the sums found due in the event that the defendants did not pay them as ordered need not be recited. The defendants appealed from the interlocutory and final decrees.

Material facts found by the master follow: The Peabody company, a Massachusetts corporation, was incorporated on January 6, 1937, with a capital of $10,000 represented by one hundred shares of common stock of $100 par value each authorized to be issued for merchandise, supplies, machinery, equipment and tools, and furniture and fixtures. It was organized for the purpose of conducting a store for transacting the business of buying and selling at wholesale and retail paints and other products useful to "painters, glaziers, artists and decorators;" and to "carry on a general house decorating and house decorative supply business, and in relation therewith to buy, sell, and deal in wallpaper, window shades" and other kindred merchandise. Other purposes need not be recited. The defendants David J. Gordon, Anne A. Newburg and Irving Miller were the incorporators. Gordon was president and treasurer, Newburg was clerk, and they, with Miller, were the three directors at the time the debts were contracted. Gordon owned

ninety-four of the shares of the corporation, Newburg, five, and Miller, one. At the time of incorporation the defendants filed with the commissioner of corporations and taxation articles of organization which contained a statement showing the capital stock of the corporation to have been paid for as follows: seventy-eight shares in merchandise valued at $7,800, two shares in supplies valued at $200, five shares in machinery valued at $500, five shares in equipment and tools valued at $500, and ten shares in furniture and fixtures valued at $1,000. In fact, no property was ever "received or incurred by, or conveyed or rendered to, the corporation, or is in its possession as surplus." G. L. (Ter. Ed.) c. 156, § 16. Nothing has ever been paid for the stock. The defendants signed this statement under oath knowing that it was false and never intending to pay anything for the stock.

Shortly after the corporation was organized Gordon, the president, treasurer, and general manager of the Peabody company, communicated with the plaintiff Enterprise Wall Paper Mfg. Co., and when its representative called upon him Gordon ordered merchandise from it. Its salesman and credit manager came to Boston, looked up the record of incorporation (according to the reported evidence an abstract of the corporation's articles of organization made by Dun & Bradstreet, Inc.), and, in reliance upon the defendants' false statement that $10,000 worth of property had been transferred to the corporation, sold $2,355.87 worth of merchandise to the Peabody company in 1937 and 1938, of which $1,512.17 remains unpaid.

In 1938, the plaintiff Atlas Wallpaper & Paint Co. Inc. sold to the corporation merchandise valued at $311.25, credit being given in reliance on a "certificate of condition" filed by the corporation. (The abstract made by Dun & Bradstreet, Inc. of the articles of incorporation.) The statements in the articles of organization were false and known to be false by the defendants when they signed it.

The corporation was adjudicated bankrupt on March 2, 1939, and has no assets with which to pay its creditors.

The interlocutory decree recommitting the case to the

master ordered him to summarize the evidence relating to whether the defendants had severed their connection with the bankrupt on June 8, 1938, and also to summarize the evidence upon which the master found that the plaintiffs had relied upon the statements before referred to.

The defendants have not argued on this appeal that they were not connected with the corporation at the time the debts were contracted and it is therefore unnecessary to recite the evidence bearing on that finding. It is also unnecessary to narrate the evidence upon which the master based his findings of reliance, since we think that the finding was not required in order to hold the defendants liable for the debts sought to be satisfied.

The defendants argue, first, that the statement in the articles of organization that the stock was issued in exchange for property is not a "statement or report" within the meaning of G. L. (Ter. Ed.) c. 156, § 36 (see now St. 1941, c. 514, § 1), and second, that because the reported evidence discloses that the plaintiffs relied, not on the statement filed with the commissioner of corporations and taxation, but on a record of it made by Dun & Bradstreet, Inc., the plaintiffs did not extend credit in reliance upon the statement itself.

We are of opinion, however, that the defendants are liable for the debts of the corporation because stock therein was issued in violation of G. L. (Ter. Ed.) c. 156, §§ 15, 16. General Laws (Ter. Ed.) c. 156, § 36, provides that the "president, treasurer and directors of every corporation shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof if any stock is issued in violation of section fifteen or sixteen . . . ." Section 15 provides in part: "Capital stock may be issued for cash, at not less than par, if the shares have par value, and may be issued for property, tangible or intangible, or for services or expenses." Section 16 provides, in part: "No stock shall be at any time issued unless the cash, so far as due, or the property, services or expenses for which it was authorized to be issued, has been actually received or incurred by,

or conveyed or rendered to, the corporation, or is in its possession as surplus . . . ."

In the present case, as before noted, the stock authorized to be issued for property was issued without tangible property of any kind being conveyed and without payment in any other form. This was in violation of §§ 15 and 16, *H. B. Humphrey Co.* v. *Pollack Roller Runner Sled Co. Inc.* 278 Mass. 350, 353, and the defendants are therefore liable for the debts contracted by the corporation while they were officers.

Under the terms of G. L. (Ter. Ed.) c. 156, § 36, it is not required that there be any reliance by those extending credit on any statements made by the officers or directors to establish their liability for debts due from the corporation that are contracted while they are in office when any stock is issued in violation of §§ 15 and 16. The provision of the statute concerning reliance was added by St. 1931, c. 313, § 1 (see now St. 1941, c. 514, § 1) and applied only in cases of "officers or directors signing a false report of condition," and does not affect the provisions of the statute relative to the liabilities of the officers of a corporation "if any stock is issued in violation of" §§ 15 and 16. Liability "of this nature, depending not upon the common law but upon the provisions of a statute, must be construed strictly according to the positive enactment." *H. B. Humphrey Co.* v. *Pollack Roller Runner Sled Co. Inc.* 278 Mass. 350, 356.

Since it appears in the case of *Buckman* v. *Gordon, post,* 6, which is before us, that Harry B. Zonis, formerly receiver of the Peabody company, and so described in the final decree in the present case, has been succeeded by Mr. Buckman in his capacity as trustee in bankruptcy of that company, the final decree should be modified as required to give effect to that change. The interlocutory decree is affirmed, and the final decree as modified is affirmed with costs.

*Ordered accordingly.*