[Civ. No. 2585. First Appellate District, Division One.—December 28, 1918.]

FELIX  KAHN, Appellant, v. BEN. S. REVETT, Respondent.

RESCISSION — SALE OF CORPORATE STOCK — FALSE REPRESENTATIONS — OWNERSHIP OF PATENT.—Where in an action to recover upon a contract the agreed price of certain corporate stock, the defendant set up in his answer fraudulent representations of the plaintiff and his associates, and sought to have the contract rescinded .on that and other grounds, statements by the plaintiff that he and his associates owned a certain device exhibited to the defendant and letters patent issued by the United States therefor, and that they had investigated the patent, and that it had already been established in an infringement suit, were affirmations of fact and not mere expressions of opinion.

ID.—JUDGMENT SUPPORTED BY FINDING.—A finding by the court that such representations were untrue was sufficient to support a judgment for the defendant.

ID.—FINDING OF WANT OF CONSIDERATION.—A finding of the trial court in such case that the sole consideration of the contract was the pretended ownership of a patent which the corporation did not own, was also sufficient to support the judgment.

ID.—EXCLUSION OF REBUTTAL EVIDENCE.—The trial court did not err in refusing to permit the plaintiff to testify in rebuttal, when the testimony offered was merely contradictory of evidence of the defendant and his witnesses.

ID.—HEARSAY EVIDENCE.—The court did not err in receiving on behalf of the defendant evidence relating to conversations between certain persons and defendant relative to the representations of the plaintiff, which conversations were objected to as hearsay, since the record showed that the persons making the statements were the agents of the plaintiff.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. E. Barber, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Wise & O'Connor and Richard S. Goldman for Appellant.

William M. Sims and Franklin A. Plank for Respondent.

THE COURT.—This action was brought to recover the purchase price of certain stock in a corporation. The company was engaged in the manufacture of a combination vibrator and vacuum apparatus. The defendant was interested in and desirous of obtaining control of the vibrator portion thereof, upon which he was assured the company owned a patent. With this end in view, he negotiated for the purchase of the patent rights, but subsequently changed his plans and sought to purchase all the stock of the corporation which owned the patent. Accordingly the parties entered into a written agreement in May, 1915, by the terms of which plaintiff agreed to sell and the defendant agreed to buy certain shares of the company. The corporation was known as the Vital Force Vibrator Company. The names of the holders of the stock and the number of shares owned by each of them are set forth in the agreement, the total number be-

ing 2,152 shares. The stock was placed in escrow, to be delivered to the defendant upon payment of the purchase price of $6,332.17. Defendant failed to pay, and this action was brought to recover the agreed amount.

The case was tried below upon issues raised by plaintiff's complaint and defendant's second amended answer and his counterclaim thereto, and by defendant's cross-complaint against plaintiff and the other stockholders of the company and the joint answer thereto of plaintiff and his cross-defendants. The answer set up the following defenses: First, that the defendant was induced to enter into the agreement sued upon solely by reason of the false and fraudulent representations of the plaintiff and his associates; (2) that the defendant entered into the contract solely by reason of his mistake as to a material fact induced by the misrepresentations of plaintiff and his associates; and (3) want of consideration. Practically the same allegations appear in the counterclaim and the cross-complaint by which the defendant sought to have the contract sued upon rescinded and to recover damages for the money expended by him in reliance upon the representations of plaintiff. No relief was granted defendant, however, under these subsequent pleadings.

The false representations alleged to have been the inducement of the contract are, first, that the Vital Force Vibrator Company was the owner of letters patent issued by the United States patent office, No. 1,025,504, and that said letters patent were basic, unassailable, and absolutely free from infringement, having been upheld and sustained in an infringement suit against the manufacturers of a similar device. It is also claimed that plaintiff represented that the principal and essential feature of the vibrator was an unbalanced arm or hammer, and that the same was covered by the patent; and, further, that the corporation and the officers and directors thereof had caused the letters patent to be examined, and that they covered the vibrator device.

The trial court found that such representations were untrue, and that defendant, relying upon the truth of the representations of plaintiff and his associates in respect thereto, was induced solely thereby and for no other consideration whatsoever to enter into the agreement sued upon, and that the only consideration for said contract was the pretended ownership

by the corporation of letters patent upon the vibrator apparatus which the corporation did not own. The court further found that the shares of stock were valueless, and judgment went for defendant.

Plaintiff seeks a reversal of the judgment upon the ground that the representations, which the trial court found were made by plaintiff to defendant, were merely matters of opinion, and did not furnish the basis for the rescission of the contract made between the parties. It is also claimed that the evidence shows that the company did have letters patent in the vibrator. In addition thereto defendant is charged with laches in pursuing his remedy. Certain rulings of the court with reference to the admission and rejection of evidence are further relied upon for a reversal.

That mere expressions of opinion do not constitute sufficient grounds of rescission of a contract there can be no doubt. The question as to whether or not the statements here made, that the patent involved was basic, unassailable, and not subject to infringement, come within that rule presents a question that we do not deem necessary to discuss. The evidence shows, and the court found, that plaintiff made the further representations that he and his associates owned the device exhibited to the defendant, and that they had investigated the patent, and that it had already been established in an infringement suit. These statements beyond question were affirmations of fact, and they were found by the trial court to be untrue. These findings are therefore sufficient to support the judgment, and it must stand affirmed in the absence of merit in the further grounds relied upon for a reversal.

Plaintiff contends that independent of all other considerations the judgment should be reversed because of the laches of defendant in asserting his right to rescind. Rescission, however, was not the exclusive remedy relied upon by defendant, his main defense being lack of consideration The trial court having found that the sole consideration of the contract was the pretended ownership of a patent which the corporation did not own, that finding in itself is sufficient to support the judgment.

Nor do we think that there is any force in the objection to the action of the trial court in refusing to permit plaintiff to testify in rebuttal. The offered testimony was merely con-

tradictory of evidence of the defendant and his witnesses, and the court was justified in refusing to hear further evidence upon the subject.

The same may be said of the objection to the admission of certain hearsay evidence claimed to have been prejudicial to plaintiff. This evidence related to conversations between certain persons and defendant relative to the misrepresentations of plaintiff. The record shows that the persons making the statements were agents of the plaintiff.

We are, therefore, of the opinion that there is no error in the record entitling the plaintiff to reversal. This conclusion makes it unnecessary to pass upon the question raised by respondent that the notice of appeal is limited solely to the consideration of the judgment for costs in favor of defendant and against plaintiff.

From what we have said it follows that the judgment should be affirmed, and it is so ordered.