## In re MICHIGAN MOTOR SPECIALTIES CO.

### Petition of BECK-FROST CORPORATION.

(District Court, E. D. Michigan, S. D.   April 9, 1923.)

No. 5129.

1. Patents ⬤⇒214—License held terminated by bankruptcy of licensee; "discontinue its business."

    A license contract, made terminable by its terms in the event the licensee "discontinues its business through insolvency, * * * bankruptcy, * * * or any other cause," *held* terminated by an adjudication in bankruptcy, though the business was for a time continued by a receiver and trustee.

2. Patents ⬤⇒209(1)—License not invalid because of common ownership of stock of licensor and licensee.

    The fact that stockholders of bankrupt corporation, which was licensee under patents, and of the licensor corporation, were the same, *held* not to affect the validity of the license.

3. Patents ⬤⇒211(3)—Trustee in bankruptcy of licensee estopped to deny title of licensor.

    The trustee in bankruptcy of a licensee is estopped to deny the title of the licensor.

4. Patents ⬤⇒210—Licensee, which continues manufacturing after expiration of license, is under implied contract to pay reasonable royalty.

    The trustee in bankruptcy of a licensee, under a license which was terminated by the bankruptcy, who continues the manufacture of the patented products, is under an implied contract to pay a reasonable royalty to the licensor.

5. Bankruptcy ⬤⇒274¼, New, vol. 17A Key-No. Series—Trustee may be liable in tort.

    The rule that tort claims are not provable in bankruptcy does not apply to claims against a trustee, arising after the bankruptcy.

In Bankruptcy. In the matter of the Michigan Motor Specialties Company, bankrupt. On review of order of referee allowing a claim of the Beck-Frost Corporation against the trustee. Affirmed.

William S. McDowell, of Detroit, Mich., for trustee.

Elroy O. Jones, of Detroit, Mich., for claimant.

TUTTLE, District Judge. This is a petition by the trustee in bankruptcy herein to review an order of one of the referees in bankruptcy directing the payment, by said trustee to the Beck–Frost Corporation, the licensor in an agreement between it and the bankrupt, of the sum of $2,691.60 as a reasonable royalty (being at the rate of 10 per cent. of the selling price) upon the manufacture and sale, by said trustee, of certain patented products, after the date of the termination of said license agreement.

The agreement in question, which was entered into between the licensor corporation and the bankrupt corporation as licensee about five years prior to the adjudication herein, by its terms granted to said licensee the exclusive right to manufacture and sell throughout the United States certain invented devices and improvements covered by letters patent and applications therefor as described and referred to

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in said agreement, including electric terminals, oil can holders, gasoline primers, priming cups, and various other automobile parts and accessories. The agreement contained also the following provision:

"Upon condition further that all rights hereby conveyed shall revert to party of the first part in the event that party of the second part discontinues its business through insolvency, dissolution proceedings, bankruptcy, receivership, or any other cause."

All of the stock of the licensor corporation was owned by stockholders in the licensee corporation. The licensee was adjudicated a voluntary bankrupt on December 20, 1921, and thereafter the business formerly conducted by it was operated by its receiver and trustee in bankruptcy until the bankruptcy sale of the assets of its estate in this cause. In the course of such operation of the business certain priming cups and other similar products covered by patents of the licensor were manufactured and sold, for the benefit of the bankrupt estate, to the extent of $26,916 in such sales, without any license from said licensor.

The claimant licensor filed its petition with the referees, asking for an order declaring the license agreement terminated as of the date of the adjudication, and an order directing the trustee to discontinue the further manufacture of products covered by said patents, and to pay to claimant such sum as might be found to be due and owing by reason of such manufacture.

After hearing the evidence, transcript of which has been returned to and examined by this court, the referee granted the prayer of the petition, holding that the license agreement involved was terminated, under its terms, at the date of the adjudication in bankruptcy, finding that 10 per cent. of the selling price of the products so manufactured and sold was a reasonable royalty thereon, and directing the trustee to pay such sum accordingly as an expense of the administration of the estate. By this petition for review such order is now before this court for review.

[1] The trustee contends, first, that as he continued to conduct the business of the bankrupt after its adjudication, such business was not discontinued, and therefore the license held by the bankrupt was not terminated by the adjudication, but passed to him, as receiver, and later trustee, and that as such he was entitled to manufacture and sell thereunder.

With this contention I am unable to agree. It will be noted that the license was expressly made terminable, not when the business of the licensee should be discontinued, but in the event that such licensee should "discontinue its business" through bankruptcy, receivership, or other cause. So far as the bankrupt is concerned, it is clear that it did so "discontinue its business" at the time of its adjudication and of the appointment of its receiver in bankruptcy herein. The fact that thereafter such receiver and subsequently the trustee in bankruptcy of said licensee operated the business formerly conducted by the bankrupt does not, in my opinion, affect the situation in this respect nor give to such operation the character of a continuance by the bankrupt of its business, within the meaning of the agreement in ques-

tion. The license, therefore, terminated, in accordance with its own provisions, at the time of such adjudication and the appointment of said receiver.

[2] The contention of the trustee that, because the capital stock in the bankrupt and claimant corporations was held by the same persons and in the same proportions, the license agreement between such corporations was a "legal fraud" on the creditors of the bankrupt, is without merit. No wrongful purpose nor bad faith towards creditors, or otherwise, is shown in the transaction in question nor in the organization of the two corporations. Each of them must be considered a separate and distinct legal entity, regardless of the common ownership of the capital stock thereof, and such common ownership of stock does not affect the validity of the contract. Zenith Carburetor Co. v. Stromberg Motor Devices Co. (C. C. A. 7). 270 Fed. 421.

[3] It is urged by the trustee that the claimant was not the real owner of the patents covered by the license. It would be sufficient to point out that the trustee, claiming, as he does, to occupy the position previously held by the bankrupt as licensee under this license, is estopped to deny the title of the licensor. United States v. Harvey Steel Co., 196 U. S. 310, 25 Sup. Ct. 240, 49 L. Ed. 492. Aside, however, from this consideration, I am satisfied from the evidence that it does not support such denial of title. Without reviewing such evidence, which would serve no useful purpose, it is enough to say that the record refutes the claim of the trustee in this respect.

I reach the same conclusion with respect to the contention of the trustee that not all of the products involved were covered by patents of the claimant.

[4] I am also fully satisfied that the findings of the referee as to the reasonableness of the rate and amount of compensation allowed to the claimant, as reasonable royalty for the use of these patents, were founded upon and warranted by the evidence and should not be disturbed. The circumstances disclosed by the record show, in my opinion, a proper case for the application of well established rules governing the creation of implied contracts, with the resultant contractual liability for the payment of the reasonable value of the benefits furnished and accepted thereunder.

[5] The contention, therefore, of the trustee that tort claims are not provable claims in bankruptcy, is inapplicable, as well as plainly erroneous as applied to a claim, as here, against a trustee in bankruptcy and not against a bankrupt estate.

The claim of the trustee that the license agreement was not shown by competent evidence to have been based upon a sufficient legal consideration is equally without merit. Moreover, the award made by the referee is not under the contract referred to, but under a subsequent implied agreement already mentioned.

A careful examination of the entire record before the court is convincing to the effect that the order of the referee complained of was amply supported by the evidence and the rules of law applicable thereto, and that none of the objections of the trustee can be sustained. It follows that such order must be affirmed, and an order will be entered accordingly.