[Civ. No. 5980.   First Appellate District, Division Two.—January 30, 1928.]

D. A. STEVENS, Respondent, v. C. R. PRIVETT et al., Appellants.

Meserve & Meserve and Timon E. Ownes for Appellants.

Bradner W. Lee, Jr., and Kenyon F. Lee for Respondent.

STURTEVANT, J.—This is an appeal from a judgment of rescission of a contract on the ground of fraud. By the terms of the agreement respondent was granted exclusive sales rights of a certain patented automobile inner tube called the "Boggs Compression Inner Tube," within the entire territory of Idaho, as will more specifically appear.

The U. S. Compression Inner Tube Company, a corporation, of Tulsa, Oklahoma, was the owner and manufacturer of the "Boggs Compression Inner Tubes," which were protected by two patents issued by the government in 1917. The right to sell said tubes within certain states was conditionally granted by said owner to appellants October 9, 1919. In consideration of the sum of $13,845 the appellants granted to respondent, by a written agreement dated February 16, 1921, the absolute exclusive right to sell said tubes within the county of San Diego, state of California. The purchase price consisted of respondent's promissory note in the sum of $8,845 and a cash payment in the sum of $5,000. Of the cash payment $500 was subsequently re-

funded upon a modification of the contract. On July 20, 1921, the contract was so changed that instead of the county of San Diego the state of Idaho was designated as the territory. A new written instrument was' executed as to the new territory and the written instrument as to San Diego was canceled. The contract was for the unexpired term of said patents which continued for some thirteen years from that date. After February 16, 1921, respondent entered the state of Idaho and commenced to make sales and for a period of about one year proceeded to sell tubes in the state of Idaho, purchasing them at the contract price from the U. S. Compression Inner Tube Company at Tulsa, Oklahoma.

The complaint alleged and the trial court found that respondent contracted for the exclusive right to sell said tubes in the territory of Idaho for the unexpired term of said patent, in consideration of the sum of $13,845, which was paid to appellants as above stated, relying solely upon the representations by appellants that they were the owners and possessed of an absolute right to sell said Boggs Compression Inner Tubes within the territory of Idaho and elsewhere; that appellants falsely represented to respondent that they had secured such exclusive right by contract from the owner of said patents, and that said agreement was in full force and validity, while in truth and in fact appellants held no such property right, and had no authority to sell such territorial privilege for the reason that appellants' contract with the owner of said patents, so far as it related to the territory of Idaho, was specifically conditioned upon the construction and operation of an inner tube factory which was to be built at Burbank, California, at an estimated cost of $100,000, which factory was in fact never completed nor operated, and that appellants' right to sell said tubes in, or dispose of territory in the state of Idaho, was inoperative and had never vested.

The eighth paragraph of the agreement between the appellants and the owner of the patents, and which is dated October 9, 1919, provided as follows: ''Eighth: It is agreed and understood that this contract does not take effect until said factory in California or some of the other states mentioned herein shall have been erected and party of the first part has commenced manufacturing tubes, and is able and ready to supply party of the second part with all the tubes required by him to supply said territory, and until said

time, a contract heretofore entered into by the U. S. Compression Inner Tube Company and C. R. Privett, covering the state of California and dated March 27, 1919, remains in full force and effect, but after such factory is completed and party of the first part is able and ready to supply party of the second part with a sufficient number of tubes to supply said territory, then this contract shall become operative and binding and shall in all particulars supersede the said contract dated March 27, 1919, and party of the first part agrees to furnish party of the second part a sufficient number of tubes to supply the demands of the trade in all of the above named number of states. Second party has first call on all tubes made by the factory to be established under this contract to supply his territory."

The contract mentioned in paragraph eight and dated March 27, 1919, was not offered in evidence, is not in the record, and we are wholly uninformed as to the provisions thereof.

It was further found that at the time of the execution of said agreement between the appellants and respondent, the latter was unaware of the existence of the conditional provision contained in the eighth paragraph of the contract between the appellants and the owner, or that the appellants then had no power or authority to enter into a contract granting to respondent the exclusive right to make sales in the state of Idaho; that respondent was persuaded to part with the purchase price for said territory by said false representations; that on July 25, 1922, for the first time respondent learned that the appellants had no authority to grant him the said right, and thereafter he served a written notice of rescission upon appellants offering to restore to them everything of value received by him pursuant to contract and that the offer was rejected. The trial court also found that the owner of said patents never ratified appellants' contract with respondent and never waived the conditional terms contained in the above-quoted paragraph eight of the contract between the owner and the appellants. The trial court entered judgment against the appellants for $4,500, rescinded the contract between respondent and appellants, and canceled respondent's promissory note for the sum of $8,845.

Appellants contend that (1) the contract involves rights under United States letters patent; (2) licensee under pat-

ent obtains only immunity from suit; (3) respondent received all that his contract called for; (4) respondent cannot dispute appellants' title; (5) respondent made no offer to compensate appellants for use of right in Idaho; (6) no offer to restore San Diego contract; (7) respondent did not offer to, nor did he return all or any of the benefits which he received under the contract sought to be rescinded, nor did he offer to restore appellants to the position in which they were prior to July 20, 1921; (8) respondent was recognized by the owners of the patent as the licensee in the state of Idaho; (9) financial difficulties and treatment of respondent by owner of patent no justification for rescission; (10) no misrepresentations of act made by appellants to respondent; (11) respondent was not injured; (12) errors in not admitting evidence.

Of the attacks above mentioned those numbered 3, 5, 6, 7, and 10, are each and all attacks on the findings. Appellants do not complain that the findings are outside of the issues nor that any issues are not found upon. The burden of their complaint is that the findings attacked should have been made in their favor. In this behalf it is sufficient to state that there was an abundance of evidence to sustain each finding and that this court, under these circumstances, is not at liberty to disturb the findings as made.

Assuming that the contract involves rights under United States letters patent, we do not understand appellants to claim that the issues presented by the pleadings in the case before us were issues of which the trial court did not have jurisdiction. Therefore we need not further discuss the point.

That a licensee under a patent obtains only immunity from suit is not involved in the case before us because we are here concerned solely with the rights of one who claims that, by reason of fraud, he never became a licensee or other party to the patent.

The contention that the respondent cannot dispute appellants' title is based on what is said in *Garvey* v. *Lashells,* 151 Cal. 526, 531 [91 Pac. 498]; *Bell & Howell Co.* v. *Bliss,* 262 Fed. 131, 133; *In re Michigan Motor Specialties Co.,* 288 Fed. 377, 379. The authorities are not applicable to the facts of this case. *Spreckels* v. *Gorrill,* 152 Cal. 383 [92 Pac. 1011], and *Kahn* v. *Revett,* 39 Cal. App. 312

[178, Pac. 733], are applicable to the facts of this case. They rule the point against the appellants.

The fact that the respondent was recognized by the owners of the patent as the licensee in the state of Idaho did not constitute a defense. Under his contract the respondent attempted to purchase from appellants (1) the exclusive right to sell tubes in the state of Idaho through his own efforts or through his salesmen or both, and (2) the right to sell subportions or divided portions of said territory within the bounds of the state of Idaho. Conceding that the U. S. Compression Inner Tube Company took cognizance of the sales of tubes in the state of Idaho, that fact is of little importance in determining whether the appellants did or did not attempt to perpetrate a fraudulent act. The importance of the fact arose on a consideration of the defense of ratification and the defense of waiver and no doubt the trial court at that time gave the evidence introduced by appellants due consideration. Nevertheless, the trial court found the ultimate fact against the appellants.

The appellants contend that the financial difficulties and treatment of respondent by the owner of the patent was no justification for a rescission. We do not understand that the respondent claims to the contrary. All of those facts were brought into the record by the appellants. Conceding that they did not constitute, either in whole or in part, a justification for respondent's rescission, it must at the same time be granted that the same facts do not constitute a defense in behalf of appellants. As a part of this point the appellants claim that the reason the respondent attempted to rescind was because of the fact that it had transpired that the respondent had made a bad bargain and not because of the alleged fraud of the appellants. The motive of the respondent in rescinding may not be inquired into when he has a legal reason for rescinding and relies thereon. (*De Bairos* v. *Barlin,* 46 Cal. App. 665, 672 [190 Pac. 188].)

The contention that the respondent was not injured may not be sustained. Under that point the appellants state that after the purported contract had been signed the respondent went into the state of Idaho and attempted to build up a business; that he made sales; and that the U. S. Compression Inner Tube Company filled all of his orders. They then argue respondent was not injured. This

argument amounts to this: The seller says to the buyer: "Yes, I took your $13,345 as the purchase price of the right to sell the tire in Idaho for thirteen years expiring in 1930; I have no such right to sell but up to the present time you have been permitted to sell without such right because the real owner of that right has thus far found it to his interest not to interfere with your selling. What I sold you is therefore useless and worthless. You don't need it and anyway I haven't got it to sell so I will keep your $13,345, but you are not damaged." When plaintiff pleaded and proved and the trial court found that because of the false representations of the appellants he had made certain payments to them and for which he got nothing, he showed injury to the amount of those payments. (*Wainscott* v. *Occidental etc. Assn.*, 98 Cal. 253, 257 [33 Pac. 88]; *Spreckels* v. *Gorrill*, 152 Cal. 383, 389 [92 Pac. 1011]; *Orton* v. *Privett*, 202 Cal. 754 [262 Pac. 713].) In an action for rescission the law did not require that he should go further. In *Munson* v. *Fishburn*, 183 Cal. 206, at page 219 [190 Pac. 808], the court said: "First, as to rescission: It is clear from the authorities we have cited that the exact amount of the damage need not be shown, provided it be in an 'appreciable' sum. Where the action is for damages, however, the plaintiff must allege and prove that by reason of the fraud he has suffered damage in a definite amount."

Finally, the appellants claim that the trial court erred in not admitting certain evidence. The evidence not admitted consisted of written instruments. Those instruments were identified and are contained in the bill of exceptions. A reading of them discloses that they are of slight, if any, significance. They do not even purport to throw any light whatever on the proposition that the appellants had no authority to sell to respondent *territorial rights in the state of Idaho or to authorize respondent in turn to sell subdivisions of such territorial rights.*

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Thompson, J., *pro tem.*, concurred.