WARNER D. ORVIS & others *vs.* PATRICK T. JACKSON & others.

Suffolk. February 7, 8, 1934. — January 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Corporation,* Certificate of condition, Officers and Agents. *Statute,* Amendment.

In a suit in equity commenced in October, 1931, by one who had become a creditor of a corporation in July, 1930, to enforce the liability of its directors under G. L. c. 156, § 36, by reason of alleged false statements in a certificate of condition filed in January, 1930, the liability of the defendants was not affected by the enactment of St. 1931, c. 313, § 1.

A pledge of goods of a corporation was not "Funded indebtedness" or "Floating indebtedness" thereof within the meaning of those phrases as used in the form prescribed for corporate certificates of condition by G. L. c. 156, § 47, cl. 6.

Said form did not require, expressly or by implication, that a statement concerning pledges of corporate assets be contained in such certificates of condition.

Where, in a certificate of condition filed by a corporation in January, 1930, there was no overstatement of the value of any asset listed nor understatement of the amount of any liability listed, and the amounts of "Notes payable" and "Accounts payable" included the amount of an indebtedness for which was pledged "Cotton held for mills" listed as an asset held in July, 1929, the omission from the certificate of mention that the cotton was pledged was not a representation that there were no pledges, nor did it render the certificate "false in any material representation" within the meaning of G. L. c. 156, § 36, especially with respect to one who became a creditor of the corporation in July, 1930.

BILL IN EQUITY, filed in the Superior Court with a writ in trustee process dated October 19, 1931, and afterwards amended.

The amended bill and demurrers thereto by the defendants are described in the opinion. By order of *Weed, J.,* there were entered an interlocutory decree sustaining the demurrers, and subsequently a final decree dismissing the bill. The plaintiffs appealed from the final decree.

*E. J. Flavin,* (*D. J. Cohen* with him,) for the plaintiffs.

*J. Noble,* for the defendants Jackson and another.

*D. J. Lyne,* for the defendant O'Donnell.

PIERCE, J. This suit in equity, brought under the provisions of G. L. c. 156, §§ 36, 38, by creditors of P. T. Jackson Company (a Massachusetts corporation that was adjudicated a bankrupt on August 19, 1930), is to enforce the individual liability of certain of its directors who signed a certificate of condition, alleged by the plaintiffs to be false in a material representation, and which the defendants knew, or upon reasonable examination could have known, to be false.

The bill alleges that the P. T. Jackson Company is indebted to the plaintiff in the sum of $5,782.01, with interest thereon, according to an account which is annexed to the bill of complaint and marked Exhibit "A"; that on a day in October, 1929, the individual defendants named in the bill signed and swore to a certificate of condition and caused said certificate to be filed in the office of the Secretary of the Commonwealth on January 13, 1930, G. L. c. 156, § 47;

that said certificate of condition "was false and untrue in that it stated therein that the said P. T. Jackson Company on July 31, 1929, had certain assets scheduled as 'Cotton held for Mills' in the amount of $991,385.56 and that from the said certificate of condition it appeared that the said 'Cotton held for Mills' was an asset of the said corporation"; that "the same was not the absolute and entire property of the said corporation constituting an asset thereof in that . . . the whole or a substantial part thereof was on July 31, 1929, pledged with various banking institutions and that no record or entry appeared in the said certificate whereby it would appear that the said 'Cotton held for Mills' in the amount of $991,385.56 was subject to the right or claim of banking institutions which advanced loans upon and under a pledge thereof." The bill further charged "That on the said 31st day of July, 1929, the said P. T. Jackson Company did not have assets as scheduled in the certificate of the entire value represented therein, which fact was well known and appreciated by the defendants." There are other general allegations of false statements in the certificate, but such are not argued in the plaintiffs' brief and are therefore disregarded.

The defendant O'Donnell filed a demurrer and assigned as causes (1) "That the bill of complaint as amended sets forth no cause of action"; (2) "That the bill of complaint as amended sets forth no ground for equitable relief"; and (3) "That the allegations of the bill of complaint as amended are so vague and general as not to define the cause of action relied upon with the certainty and clarity required by the rules and practice of this court." The defendants Jackson and Fisher filed a demurrer and assigned as causes (1) "That the plaintiffs have not stated in their bill of complaint, as amended, such a cause as entitles them to the relief prayed for in said amended bill"; (2) "That the plaintiffs have not stated in their bill of complaint, as amended, such a cause as entitles them to any relief against these defendants or either of them"; (3) "That the bill of complaint, as amended, sets forth no cause of action against these defendants or either of them"; (4) "That the allegations of the bill of

complaint, as amended, are indefinite and uncertain, and do not disclose with sufficient certainty and brevity the cause or causes of action intended to be set forth"; (5) "That the bill of complaint, as amended, does not state the facts alleged with substantial clearness and brevity, as required by the rules and practice of equity pleading"; and (6) "That the allegations of the amended bill of complaint, and more especially the allegations in paragraphs 2 and 3, are vague, general and uncertain, and do not disclose with certainty and clearness the cause or causes of action intended to be set forth, and that said paragraphs include statements of conclusions of law and argumentative matter contrary to the rules and practice of equity pleading." The trial judge sustained the demurrer of the defendants Jackson and Fisher on the first three grounds therein alleged, and the demurrer of the defendant O'Donnell on the first two grounds therein alleged. An interlocutory decree sustaining the demurrers of the defendants to the bill of complaint was entered on March 7, 1932. No motion to amend the bill of complaint appears in the record to have been filed within the time allowed by Rule 23 of the Superior Court (1932). After a hearing a final decree ordering a dismissal of the bill of complaint was entered in the Superior Court on November 27, 1933, with costs. The case is before this court on the appeal of the plaintiffs from said final decree.

The defendants direct attention to the fact, shown by the record, that the latest item in the statement of the plaintiffs' account against the P. T. Jackson Company is dated July 23, 1930, to the fact that the plaintiffs assert a right of recovery under G. L. c. 156, §§ 36 and 38,* and to

---

* "Section 36. The . . . directors of every corporation shall be jointly and severally liable for all the debts and contracts of the corporation contracted or entered into while they are officers thereof . . . if any statement or report required by this chapter is made by them which is false in any material representation and which they know, or on reasonable examination could have known, to be false; . . . and only the officers signing such statement or report shall be so liable."

"Section 38. A . . . director of any such corporation, shall be held so liable under section thirty-six or thirty-seven, if the corporation has been duly adjudicated bankrupt. . . .

" . . . After an adjudication of bankruptcy . . . any creditor may file a bill in equity in the supreme judicial or superior court in behalf of himself

the fact that St. 1931, c. 313, had not been enacted until May 13, 1931; and base their defence upon the assumption that their rights are governed by G. L. c. 156, § 36, although the bill of complaint was contained in a writ dated October 19, 1931, and entered in court on November 6, 1931. This assumption is correct and is in accord with *Frank Kumin Co. Inc.* v. *Marean*, 283 Mass. 332.

The plaintiffs contend, in effect, that a true statement of the assets and liabilities of the P. T. Jackson Company should at least have identified so much of the cotton comprising the item "Cotton held for Mills" as was pledged on July 31, 1929, and that the failure of the defendants to do so was in itself a false representation that it held assets under that descriptive item in the amount of $991,385.56. The plaintiffs further contend, in effect, that the "Cotton" in truth was not really an asset which could be realized upon in full by creditors who had extended credit to the Jackson Company in reliance upon the statement of its condition and believed that the word "assets" was used in its generally accepted and ordinary terminology. The plaintiffs do not contend that the Jackson Company did not own cotton of the value put upon it in the item "Cotton held for Mills," subject to the prior rights of the pledgees in such of it as was pledged, or that the items "Notes payable . . $1,016,680.09" and "Accounts payable . . $236,112.08" did not include the debts which such pledges secured; nor do they allege that the value of any item or the total of all items on the assets side of the statement of condition was overstated or that any item of liability on the liability side of the statement, or the total liability, was understated, or that any item or either total was untrue.

The statement of condition was not false in not listing

and of such other creditors of the corporation, entitled to enforce their claims against the same defendants, as may join in the bill as plaintiffs, against it and all persons who are liable to the plaintiff as stockholders or officers for the recovery of the money due from the corporation to himself and to such other creditors for which the stockholders or officers may be personally liable by reason of any act or omission on the part of the corporation or any of the other defendants, setting forth the bankruptcy of the corporation, or the said demand and neglect to pay the claim, and the grounds upon which it is expected to charge the stockholders or officers personally."

pledges as "Funded indebtedness" or "Floating indebtedness." The form prescribed by G. L. c. 156, § 47, cl. 6, did not in terms require a statement of pledged assets, and such a statement was not required or called for by implication. A pledge is not a "Funded indebtedness." It is the general rule that loans to finance the purchase of goods, particularly bulky merchandise, may be secured by pledge of bills of lading or warehouse receipts, which will be valid against the pledgor or any third person if made in good faith. In case of partial payments the burden on the pledgor necessarily varies as such payments are made and the amount of such pledge on the date of the ending of the fiscal year would relate to that date only and would not indicate to later creditors the financial condition of the corporation after the close of the fiscal year. Here the sales to the Jackson Company by the plaintiffs were made in July, 1930, immediately preceding the date July 31, 1930, of the corporation's next fiscal year. No reasonable construction of G. L. c. 156, § 36, requires that the form prescribed in § 47, cl. 6, should be extended by implication to require in the statement of condition other information to show conditions affecting or describing the assets itemized in the statement of the condition of the corporation beyond those set out in the form. "The purpose of these statutory provisions is to give to the public information under the sanction of the oath of responsible officers concerning the character and condition of the corporation, so that those dealing with it may know or have means of knowing the facts concerning its financial resources and business responsibility as far as afforded by the subjects included within the requirements of the certificate." *H. B. Humphrey Co.* v. *Pollack Roller Runner Sled Co. Inc.* 278 Mass. 350, 353. The omission to mention pledges was not a representation that there were not pledges. The omission to state in the assets column of the certificate of condition that "Cotton held for Mills" was impledged did not render the certificate of condition false in a material representation, as the plaintiffs contend.

*Decree affirmed with costs.*