SETRAK K. BOYAJIAN *vs.* ELLEN M. HART & another.

Worcester.   September 23, 28, 1935. — November 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Mortgage,* Of real estate: foreclosure. *Equity Pleading and Practice,* Bill.

Allegations in a bill in equity to set aside a foreclosure of a mortgage, that the mortgage was not in default by reason of "certain equitable defences, set-offs, and agreements" to which the mortgage and mortgage note were subject, and that the plaintiff asked for an adjournment of the foreclosure sale because of "certain defects" in the notice of the sale, were obnoxious under the rule that it is not sufficient to state in a bill generalities unaccompanied by specific facts.

A foreclosure of a mortgage was not to be set aside on the ground that the sale should have been adjourned because of scarcity of bidders, if it did not appear that ordinary prudence required an adjournment nor that the amount for which the property was sold was not as great as could have been reasonably expected if many bidders had been present.

In the absence of bad faith, a representative of the mortgagee at a sale in foreclosure of a mortgage may bid in the property for a third person not present.

A foreclosure of a mortgage was not to be set aside merely because the mortgagee waived the making of a deposit and the payment of the purchase price by the purchaser.

BILL IN EQUITY, filed in the Superior Court on February 16, 1934.

Interlocutory decrees sustaining the defendants' demurrer were entered by order of *Williams,* J., and a final decree dismissing the bill was entered by order of *Broadhurst,* J. The plaintiff appealed from all the decrees.

The case was submitted on briefs.

*S. K. Boyajian, pro se.*

*A. L. Hyland,* for the defendants.

PIERCE, J. This is an appeal from a final decree dismissing the bill of complaint after interlocutory decrees had been entered sustaining the defendants' demurrer on the second ground alleged therein, namely, "That the bill sets forth no ground for equitable relief."

The bill of complaint alleges, in substance, (1) that on January 5, 1933, the plaintiff was, and by right still is, the owner of the equity of redemption of certain premises, described in the bill, subject to a mortgage mentioned in the bill and to a second mortgage; (2) that he is the mortgagor in a certain mortgage dated May 20, 1927, and also the maker of the mortgage note of the same date secured by said mortgage; that the American Trust Company was the mortgagee of the mortgage and the payee of said note, and assigned said mortgage and note to the defendant The First National Bank of Boston, which on October 17, 1932, assigned the said mortgage and note to the defendant Ellen M. Hart; (3) that though Ellen M. Hart held said mortgage and note subject to certain equitable defences, set-offs, and agreements by virtue of which the mortgage was not in default for the purpose of foreclosure, shortly after said assignment to her she started to foreclose same by publishing notice of sale, the terms of which contained a requirement of cash deposit of $500 at the time and place of the sale; and that the sale subsequently took place on January 5, 1933; (4) that on the said date one Richard E. Lynch made an entry on the mortgaged premises for the purpose of foreclosing the mortgage, and conducted the sale as attorney for and in behalf of Ellen M. Hart; (5) that there were no bidders at said foreclosure sale, and the plain-

tiff called upon said Richard E. Lynch to adjourn the sale because of this fact and "because of certain defects, which he named, in the foreclosure notice"; but the request was denied by the attorney who noted the objections and ordered the sale to take place; (6) that thereupon said Richard E. Lynch came forward and made a bid of $10,000 for the defendant bank, a stranger at the said foreclosure sale, and, that being the only bid, the premises were declared by the auctioneer, under protest by the plaintiff, sold to The First National Bank of Boston, which thereupon seized the property and has since held it to the damage and injury of the plaintiff, and has so held the same negligently and wastefully so that its value has been greatly depleted thereby; (7) that the foreclosure sale was in excess of the power contained in the mortgage by which the mortgagee, or any person or persons in her behalf, may purchase at the foreclosure sale, but said power does not authorize the mortgagee, or any person or persons acting in her behalf, to bid in and purchase the mortgaged property for a third party, a stranger at the sale; (8) that though the foreclosure deed, executed by Ellen M. Hart, as mortgagee, to The First National Bank of Boston, recites on its face that said property was struck off to The First National Bank of Boston at public auction for the sum of $10,000, the bidding was made by the attorney for the mortgagee, and, contrary to the advertised terms of the sale, no money was paid at the sale as deposit, nor (the plaintiff believes and so avers and offers to prove) was any money paid thereafter for the property; (9) that through fraud, unfair conduct, and departure from the terms of the power contained in the mortgage, as above set forth, the purported price obtained at the alleged foreclosure sale was not representative of the fair value of said property; and (10) that the purported foreclosure sale and transfer of the property under the mortgage were fraudulent in character, and unsupported by valuable or any consideration; and that by her purported conveyance, as mortgagee, Ellen M. Hart, in collusion with The First National Bank of Boston, attempted, through her attorney, fraudulently to deprive the plaintiff of his

property. The bill of complaint contains the prayers which follow: (1) that the court annul and set aside the said foreclosure sale and by decree direct a reconveyance of the said property to the plaintiff, quieting his title thereto; and (2) that the court determine and award damages to the plaintiff for injury caused him by the acts of the defendants, as above set forth, and apply same, or part thereof, in set-off against the amount, if any, that may be due on said mortgage and note, and so cancel them, and issue execution for the balance of said damages against one or each of the defendants, as the case may be.

The defendants filed a plea in bar which was overruled after hearing. They then filed a demurrer to the bill of complaint and assigned the following causes: (1) that the bill of complaint sets forth no cause of action; (2) that the bill sets forth no ground for equitable relief; (3) that the plaintiff has an adequate remedy at law; and (4) that the bill of complaint fails to set forth the allegations in conformity to the law and rules regulating pleading and practice. The judge ordered the entry of an interlocutory decree sustaining the demurrer on the second ground alleged in said demurrer. Subsequently, on the suggestion of the plaintiff that the decree entered on July 9, 1934, sustaining the demurrer was had without notice or hearing, a new hearing was had on the defendants' demurrer and the following interlocutory decree was entered on February 8, 1935: "This case came on to be further heard, and thereupon, upon further consideration of the defendants' demurrer and of the plaintiff's brief filed in connection therewith, it is ORDERED, ADJUDGED and DECREED that the defendants' demurrer be and it hereby is sustained on the second ground alleged in said demurrer." This hearing cured any irregularity in the notice of hearing on the demurrer, and is not obnoxious on the ground alleged by the plaintiff, that his brief did not receive any consideration.

The charge in the third paragraph of the bill of complaint, that said mortgage and note were subject to "certain equitable defences, set-offs, and agreements by virtue

of which said mortgage was not in default for the purpose
of foreclosure," is obnoxious to the rule that it is not suf-
ficient to state in the bill generalities unaccompanied by
specific and definite facts. G. L. (Ter. Ed.) c. 214, § 12.
*Arnold* v. *Maxwell*, 223 Mass. 47. *Chinese American Res-
taurant Corp.* v. *Finigan*, 272 Mass. 360, 364. A like criti-
cism is applicable to paragraph 5 wherein the plaintiff
charges, in substance, that he asked for an adjournment
of the foreclosure sale because there were no bidders and
because of certain "defects," not stated in the bill, in the
foreclosure notice. Respecting the charge that the sale was
voidable because there were no bidders at said foreclosure
sale, it is to be noted that the plaintiff was present at the
sale and that the bill does not charge that he was not able
to induce bidders to attend the sale. It is to be further noted
that no charge is made that the sale did not in fact bring a
price so great as could have been reasonably expected if
many bidders had been present. *Stone* v. *Haskell*, 212 Mass.
283. Moreover, a mortgagee is not bound to adjourn a
sale merely because of a scarcity of bidders unless a man
of ordinary prudence making a forced sale of property as
his own would have deemed it advantageous and important
to do so. *Cambridge Savings Bank* v. *Cronin*, 289 Mass.
379, 383, and cases cited. The charge in paragraph 7 is
to the effect that the sale was in excess of the power in the
mortgage, because said power does not authorize the mort-
gagee or any person in behalf of the mortgagee to "bid in
and purchase the mortgaged property for a third party"
not present at the sale. In the absence of bad faith there
is no legal objection to the mortgagee or to an attorney who
represented the mortgagee making a bid for a purchaser to
insure a fair sale and thereby prevent the sacrifice of the
property. *Flynn* v. *Curtis & Pope Lumber Co.* 245 Mass.
291, 297. It is to be noted that paragraph six charges that
the bank seized the property (which had been purchased
in its name) and has since held same to the damage and
injury of the plaintiff, thus admitting inferentially that the
sale was an open sale with a purpose to obtain the best

price. In the absence of bad faith, of which we find no charge in the bill of complaint, we think the sale to the defendant bank was not void or voidable. The fact that no money was paid at the sale "contrary to the advertised terms of the sale," charged in paragraphs 8 and 9 of the bill of complaint, does not warrant a finding, if proved, that there was such a departure from the terms of the power as to spell fraud or unfair conduct. There is no charge that the amount of the bid was affected by the waiver of a deposit by the bank to the disadvantage of the plaintiff. Nor is there a charge that the requirement of a deposit by a bidder or bidders was not waived, and it is plain that a waiver of such a requirement would not commonly be to the disadvantage of the mortgagor. The charge in paragraph 8, that the money bid by The First National Bank of Boston was not thereafter paid, is not a charge of fraud, because the mortgagee may if he so elects, as between himself and the purchaser, give credit to such purchaser, and in such a case if the bid is greater than the sum due upon the mortgage note the mortgagor (plaintiff) would be entitled to receive the surplus in cash. *Bailey* v. *Aetna Ins. Co.* 10 Allen, 286, 288–289. *Lipsohn* v. *Goldstein*, 212 Mass. 144, 147. The only obligation of the defendant Hart was to account to the plaintiff, the mortgagor, for the amount for which the property was sold.

Other arguments put forward by the plaintiff have been considered. They need not be discussed.

*Decree affirmed with costs.*