SIMONS WOOL STOCK CORPORATION & others *vs.* CLIFFORD STEACIE Co. & another.

Middlesex.   February 10, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Corporation*, Officers and agents, Organization, Issue of stock.

A statement in articles of organization of a corporation that certain stock of no par value was to be issued for certain described property, without a further statement that the property was received with an agreement to pay all outstanding obligations of its former owner and to hold him harmless therefrom, was not a statement "false in . . . [a] material representation" rendering a director who signed it liable for corporate debts under G. L. (Ter. Ed.) c. 156, § 36.

BILL IN EQUITY, filed in the Superior Court on April 1, 1938.

A demurrer of the defendant Arthur O. Wellman was sustained and the case reported by *M. Morton*, J.

*P. Goltz*, (*J. S. Fox* with him,) for the plaintiffs.

*S. H. Babcock*, (*J. T. Hayes* with him,) for the defendants.

LUMMUS, J.   The plaintiffs, creditors of the defendant Clifford Steacie Co., a bankrupt corporation, bring this bill to require the payment of its debts to them by the defendant Wellman, one of its directors.   The bill alleges as the ground of liability that early in 1935, when the corporation was organized, Wellman signed the articles of organization, wherein it was stated that four hundred shares of Class B stock without par value were to be issued for various kinds of property, namely: twelve shares for accounts receivable, forty-two shares for supplies, one hun-

dred thirty-eight shares for machinery, eight shares for motor vehicle, and two hundred shares for real estate; whereas, in truth the property received for the four hundred shares consisted of property of the sorts described comprising the assets of a going business owned by one Steacie, which was taken "with the agreement on the part of the corporation to receive said assets and to pay all outstanding obligations of said business [amounting to $122,220.37] and to hold him harmless therefrom."

The bill was taken for confessed against the defendant corporation. But the demurrer of the defendant Wellman was sustained, and the case was reported.

Stock may be issued for property, tangible or intangible, or for services and expenses, as well as for cash.   G. L. (Ter. Ed.) c. 156, § 15.  It is not alleged that the property for which the stock in question was issued in the present case did not have substantial value (*H. B. Humphrey Co.* v. *Pollack Roller Runner Sled Co. Inc.* 278 Mass. 350), if, indeed, substantial value is necessary in the case of stock without par value.  § 14.  Section 36 makes a director liable for all the debts and contracts of the corporation contracted or entered into while he is a director "if any statement or report required by this chapter is" signed by him "which is false in any material representation and which" he knows to be false.  See also § 38.  We assume that articles of organization, which must be submitted to the commissioner for approval (§§ 10, 11), constitute a "statement or report" within § 36.

The main question is, whether the failure to state that the corporation, in addition to giving stock for the property, gave further consideration by assuming certain liabilities, made the statement "false in . . . [a] material representation."  The purpose of the statement as to the issue of stock in the articles of organization is to show the number of shares of the proposed issue, and the legal validity of the consideration to be furnished for the shares. *Mitchell* v. *Mitchell, Woodbury Co.* 263 Mass. 160, 164. Such a statement is in no sense a statement of condition, for no liabilities or proposed liabilities are called for by the

form provided, or by the statute. G. L. (Ter. Ed.) c. 156, § 10. No inference could be drawn from the issuance of stock having no par value for undescribed and unvalued property, that property of any considerable value was available to meet the claims of creditors, such as may be drawn from a statement in a certificate of condition that property of a certain class and value exists. *Empire Laboratories Inc.* v. *Golden Distributing Corp.* 266 Mass. 418, 422, 423. *United Oil Co.* v. *Eager Transportation Co.* 273 Mass. 375, 380. *Standard Oil Co. of New York* v. *Back Bay Hotels Garage, Inc.* 285 Mass. 129, 133. But even in a certificate of condition, a statement that among the assets was "Cotton held for Mills," which was valued at its gross value, was held not a material misrepresentation where the amount of the debt for which it was pledged was included in the liabilities, even though the existence of the pledge was not mentioned. *Orvis* v. *Jackson*, 289 Mass. 348. In the present case, the statement that the stock was paid for in property of certain kinds, was true. No further explanation was required. The assumption by the corporation of Steacie's liabilities could not have been stated to be the consideration received by the corporation for the issuance of its stock.

*Decree sustaining demurrer affirmed.*