CORY P. RICHMOND & another *vs.* JOSEPH STANZLER & others.

Plymouth. December 7, 1950. — February 14, 1951.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Mortgage,* Of real estate: foreclosure. *Equity Pleading and Practice,* Master: exceptions to report.

Findings by a master respecting a sale in foreclosure of a mortgage upon a theatre building disclosed no impropriety in the conduct of the sale on the alleged ground that the number of potential bidders was reduced and the bidding restricted by requiring an excessive down payment, or in an extension of credit by the mortgagee to the successful bidder for a part of the required down payment, or in the fact that the mortgagee, also the holder of a mortgage upon the personalty in the theatre, did not foreclose the chattel mortgage simultaneously with the real estate mortgage.

Exceptions to a master's report depending on assertions of counsel as to unreported testimony have no merit.

BILL IN EQUITY, filed in the Superior Court on September 30, 1948.

The suit was heard on a master's report by *Murray,* J.

*H. F. Blunt,* for the plaintiffs.

*H. J. Shapira,* for the defendants.

WILLIAMS, J. This is a bill in equity to set aside a foreclosure sale of real estate and to enjoin the delivery by the mortgagee and the receipt by the purchaser of a foreclosure deed. The plaintiffs Cory P. and Maxine B. Richmond are the mortgagors, the defendant Rosner is the mortgagee, the defendant Joseph Stanzler is the purchaser, and the defendant Harry J. Shapira is an attorney for the other two defendants. The case was referred to a master under the usual rule and the case is here on appeals of the plaintiffs from an interlocutory decree overruling their exceptions to the master's report and confirming the report and from a final decree dismissing the bill.

It appears from the report of the master that on November 15, 1946, the plaintiffs mortgaged a certain theatre build-

ing in Brockton, jointly owned by them, to Rosner to secure a loan of $14,000. On June 12, 1947, the mortgage was in default and the mortgagee published in the Brockton Enterprise-Times, a local newspaper, notice of a foreclosure sale to be held on July 7, 1947, the notice providing that the purchaser should pay $5,000 in cash or by certified check at the time and place of sale. Thereafter, at the request of the plaintiffs, the sale was adjourned from time to time until September 22, 1948, when it was finally held. Stanzler purchased the property at the sale for $19,400, which was more than the amount due on the mortgage. He had with him at the sale a certified check for only $1,000, but within forty-eight hours produced a check for an additional $4,000, which check was accepted by the mortgagee. There is no merit in the plaintiffs' contention that "the mortgagee in the conduct of the sale [failed to] exercise the good faith and diligence toward the mortgagors required by their relationship." The master found that the requirement of a down payment of $5,000 "was not exorbitant" and that by reason of it the bidding was not restricted nor the number of potential bidders reduced. He also found that there was no fraud in the sale and no collusion between Rosner and Stanzler in the extension of credit by the former to the latter in reference to the payment of the $4,000 balance. A mortgagee may give credit to a purchaser at a foreclosure sale. *Boyajian* v. *Hart*, 292 Mass. 447, 452. See *Union Market National Bank* v. *Derderian*, 318 Mass. 578, 583.

The plaintiffs complain that a mortgage on the personal property in the theatre given by the plaintiffs to Rosner as additional security for his loan should have been foreclosed simultaneously with the mortgage on the real estate in order that a greater price might be obtained by selling the theatre with its contents, and that failure to do this constituted fraud. The master found, however, that the mortgagors had no title to the personal property which they had purported to mortgage to Rosner and that there was no fraud.

The alleged errors in the decree overruling the plaintiffs' exceptions and confirming the master's report, although re-

ferred to in oral argument, have not been argued in the plaintiffs' brief and may be treated as waived. *Commonwealth* v. *Congdon,* 265 Mass. 166, 168. *Orvis* v. *Jackson,* 289 Mass. 348, 350. See *Commonwealth* v. *Dyer,* 243 Mass. 472, 508; *Barnes* v. *Springfield,* 268 Mass. 497, 504; *Carangias* v. *Market Men's Relief Association, Inc.* 293 Mass. 284, 285; *Soscia* v. *Soscia,* 310 Mass. 418, 420; *Geffen* v. *Paletz,* 312 Mass. 48, 58; *DeSantis* v. *Massachusetts Bonding & Ins. Co.* 289 Mass. 315, 322. We have examined the record, however, and find no error in the interlocutory decree. The exceptions to the master's report depend in the main on assertions of counsel as to testimony which is not reported. *Lowell Gas Co.* v. *Department of Public Utilities,* 324 Mass. 80, 90. Such inconsistencies as appear in the subsidiary findings of the master do not affect his ultimate findings. These are amply supported by the subsidiary findings. The interlocutory decree is affirmed and the final decree is affirmed with costs of the appeal.

*So ordered.*