**Harry C. LICHMAN, Trustee in Bankruptcy of M & M Power Tool Mfg. Co., Inc.**

v.

**Henry T. MOORE, George A. Merriam and H. T. Moore Machine Co., Inc.**

**Civ. A. 1277.**

United States District Court
D. New Hampshire.
March 1, 1955.

Howard B. Lane, Keene, N. H., for plaintiff.

Upton, Sanders & Upton, John H. Sanders, Concord, N. H., for defendant.

CONNOR, District Judge.

Action by the trustee in bankruptcy of the M & M Power Tool Mfg. Co., Inc., praying that he be adjudged the owner of U. S. Letters Patent No. 2577975.

The facts, undisputed, are as follows: On May 29, 1952, the organizers of the bankrupt corporation filed articles of organization in the Commonwealth of Massachusetts, indicating that the amount of capital stock would be 500 shares of common without par value, to be paid for in cash, 250 shares, in property, patent rights No. 2677975, 250 shares. On July 21, a certificate of incorporation was issued setting forth the above facts.

Prior to the filing of the articles of organization, two of the incorporators, Moore and Merriam, as owners of the above Letters Patent of a so called "M & M Midget Planer," entered into an agreement with the remaining two incorporators respecting certain rights under the patent. Thereunder, they agreed to, and as far as appears did, convey to the corporation upon its formation "the sole and exclusive right, privilege or license to make, manufacture, use and vend" this planer, and for such conveyance each was to receive 125 shares of common stock. Embodied in the agreement is the following proviso: "In the event the corporation is dissolved, liquidated, or becomes insolvent, the said exclusive right, privilege, or license to make and manufacture the said M & M Midget Planers shall be cancelled and revert to the parties of the third and fourth part.", i e., Henry T. Moore and George A. Merriam.

On June 17, 1953, the M & M Power Tool Mfg. Co., Inc., filed in this court a voluntary petition in bankruptcy, and thereafter the plaintiff was appointed trustee.

The trustee contends that the articles of organization and the corporate charter indicate that there was an absolute assignment of all rights under the patent,

that the corporation's creditors had the right to rely upon the language employed therein, and that the licensing agreement is illegal as being a secret agreement in fraud of creditors and in contravention of the charter. It is urged that the remedy is to disregard the "secret agreement" and compel payment of the stock subscription in full by adjudicating the trustee to be the owner of the patent.

Initially, it should be noted that there is no basis upon which this court can find that the defendants conspired to defraud the corporation's creditors, actively misrepresented the corporation's assets, or attempted to obtain to themselves any unlawful advantage. Nor is any part of the agreement prohibited by constitutional or statutory interdictions, contrary to public policy, or proscribed by a provision of the corporate charter. These factors distinguish the cases relied upon by the plaintiff.

The statutes of the Commonwealth of Massachusetts require that the articles of organization contain a description "in such detail as the commissioner may require" of personal property received for stock and the amount of stock to be issued therefor. Massachusetts General Laws (Ter.Ed.) c. 156, § 10. "The purpose of the statement as to the issue of stock in the articles of organization is to show the number of shares of the proposed issue, and the legal validity of the consideration to be furnished for the shares. * * * Such a statement is in no sense a statement of condition, for no liabilities or proposed liabilities are called for by the form provided, or by the statute. * * * No inference could be drawn from the issuance of stock having no par value for undescribed and unvalued property, that property of any considerable value was available to meet the claims of creditors, such as may be drawn from a statement in a certificate of condition that property of a certain class and value exists." (Citations omitted.) Simons Wool Stock Corporation v. Clifford Steacie Co., 303 Mass. 551, 553, 22 N.E.2d 25, 26. Considering this objective, it is my view that the description contained in the articles of organiza-

tion and the charter of the bankrupt corporation satisfies the requirements of the statute. The terms used do not necessarily imply that the patent was assigned without stipulations or conditions which conceivably could accompany such a transfer.

The plaintiff's claim, viewed in its most favorable aspects, might support criticism of the description contained in the articles of organization and the charter as inaccurate and misleading, but even upon this assumption, a demand for an absolute conveyance from one who transferred no more than a license is not warranted. A different situation would be presented if it were established that a single creditor was misled and acted to his peril in extending credit because of the terminology employed. But in the absence of such showing, the defendants are not estopped from asserting their rights.

It is clear that the license constituted property of sufficient value for the issuance of the stock. The consideration for which the stock was issued, as stated in the articles of organization, having been received, the stock was fully paid. Massachusetts General Laws (Ter. Ed.) c. 156, § 14.

The stipulation in the licensing agreement providing that all rights therein would be cancelled and revert to the licensor upon insolvency, is valid and enforceable. In re Michigan Motor Specialities Co., D.C.Mich.1923, 288 F. 377. When the corporation became insolvent has not been shown, but such was sufficiently established as cause for termination of the license by the application to the bankruptcy court.

Accordingly, I rule that since the date of the filing of the corporation's petition in bankruptcy the defendants, Henry T. Moore and George A. Merriam, have been and now are the sole owners of Letters Patent No. 2577975, together with all improvements and additions thereto, unencumbered by any rights therein or claims thereto by M & M Power Tool Mfg. Co., Inc., or its trustee in bankruptcy, Harry C. Lichman.