MARY D. GUARINO, trustee, *vs.* HELEN M. FARLEY & another. January 5, 1972. This is a suit to set aside a foreclosure sale under a first mortgage of real estate. In the Superior Court a master's report was confirmed and a final decree was entered dismissing the bill with prejudice. The plaintiff appeals. The evidence is not reported. The following facts appear from the master's ultimate findings and are supported by his subsidiary findings. The defendant Farley held a second mortgage on the premises. Acting in concert with the other defendant and one Hull pursuant to a plan to acquire the premises, she acquired the first and third mortgages and advertised and held the sale, at which the premises were sold at public auction to Farley for $71,000. They did nothing to chill the sale or stifle bidding. The plaintiff had reasonable notice of the sale and ample opportunity to bid, to obtain the presence of other bidders, and to obtain the necessary funds to meet an advertised requirement of a twenty-five per cent deposit. The total due under Farley's three mortgages was over $65,000, and the auctioneer ruled that no bid deposit was required from her. The foreclosure and sale were in all respects regular and in compliance with G. L. c. 244, § 14, and with the mort-

gage. There was no error. The mortgagee was permitted to buy, and a purpose to make as much money as possible is insufficient to reopen the foreclosure. *Gadreault* v. *Sherman*, 250 Mass. 145, 149–150. *Manoog* v. *Miele*, 350 Mass. 204, 208–209. The mortgagee could give credit to a purchaser. *Boyajian* v. *Hart*, 292 Mass. 447, 452. *Richmond* v. *Stanzler*, 327 Mass. 62, 63. Where the purchaser was the mortgagee herself, she was not obligated to pay money unless the amount payable exceeded the amount due on the mortgage plus the expenses of the sale. *Union Mkt. Natl. Bank* v. *Derderian*, 318 Mass. 578, 583. The plaintiff has claimed the surplus realized at the sale in a separate suit.

*Final decree affirmed*
*with costs of appeal.*

*Hrant H. Russian* for the plaintiff.
*Bradbury Gilbert* (*David L. Taylor* & *A. Leavitt Taylor* with him) for the defendants.